No. 90.—LORENZO D. DAVIS, plaintiff in error, *vs.* MARTIN LOW-
MAN and BERRY LOWMAN, administrators of GEORGE LOWMAN,
deceased, defendants in error.

[1.] A new trial will not be granted for irregularity in the verdict, in this,
that the Jury heard the statement of one of their fellows in relation to the
case in their box, unless a brief of the evidence be filed in pursuance of the
rule of Court.

[2.] The Court will not in such a case grant a new trial, if it is clear and mani-
fest that there was evidence sufficient to sustain the finding, wholly inde-
pendent of the statements made in the Jury box.

Motion for new trial, in Lumpkin Superior Court. Decided by
Judge JOHN H. LUMPKIN, March Term, 1851.

This was a claim case, in which the Jury, on the trial
of the appeal, returned a verdict for the claimant. Plain-
tiff in *fi. fa.* moved for a new trial, on the ground that the Jury
after they retired to consider of the case, had improperly heard,
from one of their number, testimony which had not been intro-
duced in Court. Certain affidavits were filed with the rule *nisi*,
as to the fact alleged.

When the motion was called up for a hearing, the claimant's
counsel moved to discharge the rule, on the ground that no brief of
the testimony taken in the cause had been filed, as required by
the 61st Common Law Rule. The motion was sustained by the
Court, and the rule for a new trial was discharged.

To which plaintiff in *fi. fa.* excepted.

UNDERWOOD & MARTIN, for plaintiff in error.

HANSELL, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The Circuit Judge refused to entertain the rule for a new
trial, upon the ground that a brief of the testimony had not been
filed in pursuance of the rule of the Court. He could not have

done otherwise without · disregarding the rule, which requires without any qualification, a brief of the testimony to be filed *in all cases*, and without disregarding .the decision of this Court, which requires a brief of the testimony agreed upon by the parties, or their counsel, or approved by the Court, to·be filed, and such approval or agreement to be entered upon the minutes, at the term at which the judgment is rendered. *Hotchkiss*, 951. 1 *Kelly*, 254.

It is said, however, that in this case the reason of the rule ceases, and therefore, the rule is not applicable. Is this true? The ground relied upon for a new trial was irregularity in the verdict, in this, that the Jury received in their box, the statements of one of their fellows, which influenced their verdict. It is well settled, that if illegal testimony is admitted on the trial, a new trial will not be granted on that account, if the Court believes that there was clearly testimony sufficient to sustain the verdict, wholly independent of the illegal evidence. It is within the sound discretion of the Court to refuse the new trial, if upon a careful survey of the evidence, it is clearly sufficient to sustain the verdict, irrespective of the illegally admitted testimony. *Graham*, 246, 78. 1 *Kelly*, 580.

[2.] It is true, it is difficult to say when the illegal testimony does not affect the verdict, or how far in any case it influences the mind of the Jury. Hence the discretion of the Court must be carefully exercised. . If the case is plain—if the Jury would, in the judgment of the Court, be compelled to find as they did find, had the illegal evidence not been admitted, then the new trial will be denied. This being so, the Court must have the evidence before it, in order to judge of the propriety and rightfulness of the new trial. This discretion cannot be exercised without a brief of the evidence. In such a case then, the reason of the rule does not cease, but is clearly strong. It is stronger if possible in this case. For if the Court may refuse a new trial in a case where illegal evidence has been admitted on the trial, it may refuse a new trial in a case where the Jury have listened to mere statements in their box.

Let the judgment be affirmed.