Brady vs. Little.

No. 21.—WRIGHT BRADY, assignee, plaintiff in error, *vs.* JAMES LITTLE, et al., defendants, and THOMAS C. SULLIVAN, claimant, defendant in error.

[1.] Parties to the record and interested in the event of the suit, are incompetent witnesses, never admitted but from the necessity of the case.

[2.] If the evidence in an issue tried by the Court, was sufficient to warrant the judgment, independent of illegal evidence admitted by him, the judgment will not be disturbed.

[3.] Positive evidence should control and outweigh negative evidence.

[4.] The clerk's minutes should show the entire proceedings of the Court, and the Judge's entries on the docket, showing the manner in which cases are disposed of, should be transferred to the minutes, when orders, and verdicts, &c., do not show more fully the action of the Court:

Claim, in Sumter Superior Court. Tried before Judge Allen. March Term, 1856.

This was a motion to have entered on the minutes of the Court, *nunc pro tunc* as of November Term, 1846, an order dismissing the levy in this case; which order it was alleged was obtained at said Term of the Court, and for some cause was not entered upon the minutes.

The motion was resisted.

Claimant offered in evidence the Claim Docket, and upon which, at November Term. 1846, was the entry, " *Levy dismissed.*"

He also proved by Judge Warren that he presided at that term of the Court, and that said entry was in his hand writing, and must have been made at the time it purports to be.

Claimant then offered himself, (being an attorney at law,) as a witness. He was objected to; objection was overruled, and counsel excepted. He testified, that at November Term, 1846, said case having been called, said levy was dismissed, and he drew up the order and handed it to the clerk.

Plaintiffs proved by Geo. M. Dudley, E. R. Brown, and B. Hill, Esqrs., that they were the attorneys for plaintiffs in this case, and were all at November Term, 1846, and that they heard nothing nor knew nothing of the dismissal of said levy at that term of the Court.

The presiding Judge, after hearing the testimony, granted the motion, and counsel for plaintiff except to the decision, and assign error.

STUBBS, HILL & TRACY, for plaintiff in error.

SULLIVAN, for defendant in error.

*By the Court,* McDONALD, J., delivering the opinion.

[1.] There are two questions made in this record. Was the evidence of Thomas C. Sullivan properly received? is the first. He was claimant, a party to the record and interested. The facts proven by his evidence, are not such facts as a party is allowed, from the necessity of the case, to testify to, and we think the Court erred in admitting him as a witness. But the issue between the parties was tried by the Court, and there having been no jury, there was no motion for a new trial.

[2.] If the judgment of the Court was warranted by the evidence, excluding the claimant's testimony, it ought to stand. The Court's entry on the docket, at November Term, 1846, was "Levy dismissed." The then presiding Judge was examined and testified, that the entry was in his handwriting, and must have been made at that time. This is the legal evidence in support of the motion. The evidence against it is all negative in its kind.

[3.] The witnesses were at Court, and one of them employed as attorney in the case of another claimant, and none of them heard or knew any thing of the dismissal of the levy. This proof is all consistent with the existence of the fact contended for by claimant, for it is by no means certain that the levy was not dismissed because these witnesses did not know or hear it. The evidence of Mr. Hill, who testified to an understanding between plaintiff and claimant, that the case in which he was claimant should be tried last, does not aid the plaintiff. Under such an agreement, it is probable that the levy in the case which was to be tried last would be dismissed, if the levies in the cases which were to be first tried were dismissed. There is nothing in the plaintiff's

evidence to overbalance the entry on the Court's docket, and the evidence of the presiding Judge who made it.

[4.] It was the duty of the clerk, unless special orders were handed him instead thereof, to transfer to his minutes the entry of the Judge on his docket, opposite each case, as a part of the proceedings of the Court, in all cases where verdicts are not rendered, and in those cases the entry of the verdict will be sufficient; but all the proceedings of the Court, even continuances, should be placed upon the minutes. The entry of levy dismissed, made on the Court's docket, not having been transferred to the minutes at the proper time, there was no error in the Court's ordering it, when the omission was discovered and the proof made.

Judgment affirmed.