Lewis *et al. vs.* Adams.

| | |
|---|---|
| 61 | 559 |
| 97 | 464 |
| 61 | 559 |
| 102 | 835 |
| 61 | 559 |
| 124 | 163 |

1. In an action of complaint for land, the plaintiff may declare against as many or as few as he pleases. If there is no improper joinder or non-joinder apparent on the face of the declaration, the question as to who should or should not be defendants cannot be raised by demurrer.

2. As the tenant cannot dispute the landlord's title, neither can his heirs do so, while retaining the possession which he held and standing solely on his right. What would estop him will, in such circumstances, estop them.

3. That declarations by the ancestor against his title are in evidence against his heirs, will not render admissible in their favor other declarations made by him at a different time in support of his title.

4. Errors in admitting or rejecting evidence may be regarded as immaterial, where the verdict is undoubtedly right, and where the result ought clearly to be the same with as without the correction of such errors.

Ejectment. Parties. Demurrer. Landlord and tenant. Estoppel. Evidence. New trial. Before Judge Gibson. Richmond Superior Court. October Term, 1877.

Adams brought complaint against Lewis and others for lots 7 and 8 of the "Picquet farm," and *mesne* profits. At

the appearance term an order was passed appointing Duval guardian *ad litem* for three of the defendants, who were minors.   Counsel for Amelia Lewis demurred to so much of the declaration as made the children of Jacob Lewis, who were minors, or not in possession of the lots, parties ; and also, to the entire declaration for non-joinder of proper party to said action, to-wit : the administrator of the estate of Jacob Lewis.

The declaration alleged that all of the defendants were in possession of the lots in controversy.   It did not show any connection between them and the Jacob Lewis referred to in the demurrer.   It was simply a complaint for land against six named defendants.

The demurrer was overruled, and Amelia Lewis excepted.

The defendant pleaded as follows : 1st. The general issue. 2d. That they were the widow and children of Jacob Lewis, deceased, under whom they claimed as heirs at law ; that his administrator was a necessary party to the pending action. 3d. That the conveyance from Jacob Lewis to Adams was obtained by fraud, and should be canceled, etc.

The evidence for plaintiff showed title in him under deed from Jacob Lewis, and that the latter immediately became his tenant and so remained until his death.   The evidence for defendants simply showed bad feeling between defendants and Jacob Lewis, and great intimacy between the latter and plaintiff.   It did not show any fraud on the part of plaintiff in procuring the deed, or in inducing the sale to him.

The jury found for the plaintiff the premises in dispute, with $50.00 *mesne* profits.   The defendants moved for a new trial upon the ground that the court erred in overruling the demurrer, in admitting the declaration of Jacob Lewis that he had sold the property to plaintiff and then excluding declarations to the contrary, and because the verdict was contrary to law and evidence.

Many other grounds were taken, but they are immaterial in view of the decision.

The motion was overruled and defendants excepted.

H. CLAY FOSTER; L. D. DUVAL, for plaintiffs in errror.

FRANK H. MILLER, for defendant, cited, on demurrer, Code, §§2246, 2483; 3 *Ga.*, 108; 27 *Ib.*, 125; 13 *Ib.*, 467; on declarations of Lewis in disparagement of title, Code, §2283, 3774; 14 *Ga.*, 174; verdict right, 60 *Ga.*, 327.

BLECKLEY, Justice.

Any member of the profession who will read the reporter's statement, and the head-notes, will comprehend the points decided; and when they are comprehended, the reasons for the decision will be obvious. We are not sure but that some errors may have been committed on the trial in admitting or rejecting evidence, but if so, they were utterly immaterial to the result. The new trial was properly refused, for the verdict was undoubtedly correct. The same verdict would be required by the controlling facts of the case, if another trial were had with the supposed errors all purged out.

Judgment affirmed.