CARLISLE *vs.* CALLAHAN.

1. The court has no power to write off, or order written off, any part of a verdict for damages in an action sounding in tort, where the tort is to the person; *aliter*, where it is to property.

2. In an action of trespass for forcibly entering and holding certain property used by plaintiff to shelter his hands and mules while engaged in railroad work, it was admissible to prove the consequences of the trespass flowing from the act, up to the filing of the declaration, if not to the time of the trial, including the loss of hands for the want of shelter for them, the amount of expenses necessary in providing other shelters, the protraction of his labor by reason of the trespass, and the value of plaintiff's time during such protraction.

(*a*) If any of this testimony was inadmissible, there was enough without it to sustain the verdict, and its admission did no harm.

3. There was no error in charging to the effect that consequential damages were recoverable, if flowing directly from the trespass.

4. There was no error in refusing to charge "that if the plaintiff suffered no damage by reason of the acts of defendant, he cannot recover." If there was an illegal seizure and occupation of property, nominal damages would follow, though actual damages might not have been proved.

(*a*) The verdict was sustained by the evidence.

January 18, 1887.

Damages. Practice in Superior Court. Evidence. Torts. Practice in Supreme Court. Before Judge BRANHAM. Polk Superior Court. February Term, 1886.

Reported in the decision.

A. T. WILLIAMSON; DABNEY & FOUCHE', for plaintiff in error.

BLANCE & NOYES, for defendant

JACKSON, Chief Justice.

Callahan sued Carlisle for damages in forcibly entering and holding certain property used by him to house his hands and mules whilst engaged in railroad work, and recovered a verdict for $550.00. Thereupon Carlisle made

a motion for a new trial. The court granted it unless in six days the plaintiff reduced the verdict by writing the damages down to $250.00. The plaintiff wrote the verdict down accordingly, and the defendant excepted on two grounds, first, because the court had no power to order the damage lessened, it following from his doing so that the verdict is his and not the jury's; and secondly, because the court should have granted an unconditional new trial on all the grounds made in the motion.

1. The court has no power to write off, or order written off, any part of a verdict for damages in an action sounding in tort, where the tort is to the person; *aliter*, where it is to property. *Savannah, Florida and Western Railway vs. Harper et ux.*, 70 *Ga.* 119, 127; *Central Railroad and Banking Co. vs. Crosby*, 74 *Id.* 737.

2. We think it admissible to prove, that the plaintiff had the right to prove, the loss of hands for want of houses to shelter them for about six weeks; that he was compelled to build huts and shelter for men and mules at a cost of five hundred and fifty dollars; that he had to work eighteen more working days by reason of defendant's unlawful entry and possession; that the cost to build the new quarters was three or four hundred dollars; that he was worth per day, as a railroad contractor, $100.00, by another witness, he being, in the judgment of that witness, the best railroad contractor he ever saw. The consequences of the trespass may be proved if flowing from the act up to filing declaration, if not even to trial. *Sav. & Ogeechee Canal Co. vs. Bourquin*, 51 *Ga.* 378; *Juchter vs. Boehm, Bendheim & Co.*, 67 *Id.* 534; *Norfleet & Jordan vs. Vaughn et al.* 68 *Id.* 830. Code, §3068. The value of one's time in his business protracted by the trespass is one of these consequences. It is difficult to estimate, except by his skill and ability, that value, and that seems to be matter of opinion. Code, §3867. *Aug. & Sum. Railroad Co. vs. Dorsey*, 68 *Ga.* 228. But even if any of it be inadmissible, there is evidence enough, without that portion which may

be doubtful, to sustain the verdict; and therefore defendant was not hurt by its admission, and a new trial is not granted in such cases. 10 *Ga.* 209.

3. The court was right to charge to the effect that consequential damages were recoverable if flowing directly from the trespass. See citations above.

4. The refusal to charge, " that if the plaintiff suffered no damage by reason of the acts of defendant, he cannot recover," was proper. If the seizure and occupation was illegal, nominal damages follow. Code, §3065; *Eiswald vs. South. Ex. Co.*, 60 *Ga.* 496. This covers other requests to the same effect.

This concludes the points of error assigned and argued. The verdict of $250.00 is certainly not excessive, if plaintiff's witnesses are believed; and where there is contest between the parties over facts, it is the jury's prerogative to believe either side; and the presiding judge approving the verdict, this court suffers it to stand.

· Judgment affirmed.