## COLLUM *v.* THE STATE.

A "church" is not a "public building" within the meaning of section 725 of the Penal Code.

Argued January 15,—Decided January 25, 1900.

Indictment for misdemeanor.    Before Judge Reece.    City court of Floyd county.    December 23, 1899.

*George A. H. Harris & Son,* for plaintiff in error.
*Moses Wright, solicitor-general,* contra.

LUMPKIN, P. J.    The plaintiff in error was indicted under section 725 of the Penal Code, which reads as follows: "If any person shall designedly destroy, injure, or deface any public building, its appurtenances or furniture, or shall use the same for an indecent purpose, he shall be punished as for a misdemeanor, besides being liable for the damages."    The specific charge against the accused was, that he "did enter the Silver Creek Presbyterian Church, a public building, . . and did use the same for an indecent purpose," the particulars as to which were sufficiently set forth.    There was a demurrer to the indictment, the ground of which was that a church is not a "public building" within the meaning of the above-cited section of our Penal Code.    We think the demurrer was well taken, and ought to have been sustained.    Although the house referred to in the indictment was therein designated as a "public building," the accused did not by demurring admit that it was a building of that character, if it could not be such within the meaning of the statute.    It can never be held that a demurrer admits a legal impossibility.    We have no doubt at all that the words "public building," as used in this code section, relate exclusively to buildings owned by the public as such; as, for instance, the State capitol, court-houses, city halls, and the like. These words can not possibly refer to a "church" building,

for under our constitution, which forbids any union of church and State, neither the State nor any political division thereof, such as a county, militia district, or municipality, can own or control a "church," and if a church building should become the property of the public, it would instantly cease to be in any sense a "church." It makes not a particle of difference from what source or sources the means for erecting a church edifice are derived, or whether, after it is erected, it belongs to a church corporation or to an aggregation of individuals holding as tenants in common. It is, at last, in any view of the matter, only private, and not public, property, and therefore not a building which the language used in section 725 of our Penal Code was designed to protect from injury, destruction or defacement. The case of *Smith* v. *State*, 63 *Ga.* 168, cited by the solicitor-general, which was decided in 1879, has no application at all to our present question; for the indictment in that case was framed under a section of the then existing code which is now embraced in section 729 of the present Penal Code, relating solely to the offense of malicious mischief.

*Judgment reversed.    All the Justices concurring.*