## TOWN OF ADEL *v.* WOODALL.

1. If the record shows sufficient and competent evidence to support the finding, or if that excluded would not probably have changed the result, the reviewing court will not pass upon assignments of error relating to the admission or rejection of evidence, on an interlocutory hearing of an application for injunction.

2. The order requiring that each party submit to the other affidavits before the hearing did not apply to documentary evidence, and it was not error to receive the deed showing that the plaintiff was a taxpayer.

3. The chancellor did not err in requiring the plaintiff to produce its books. Besides, in view of the admissions contained in the answer, their exclusion could not have changed the result.

4. Neither the agents of the city through whom the donation was to be paid, nor the beneficiary of the proposed illegal gift, were necessary parties defendant.

5. The former suit against the officers alone did not operate as a bar to the present proceeding; nor could the defendant insist that the cost therein should be paid as a condition to the right to institute the present action against the town itself.

6. The prohibition against making a donation directly to the railroad likewise prevents the city from indirectly making such donation by compensating citizens who have already paid over the money to the corporation.

7. The fact that the note referred to in the petition had been satisfied would not prevent the chancellor from enjoining the payment of a renewal thereof.

8. In view of the admissions in the answer, there was no error in granting an

injunction against paying off the note or the renewal thereof, or the debt in whatever form it might exist.

Submitted February 22, — Decided March 27, 1905.

Injunction.     Before Judge Mitchell.     Berrien superior court. December 23, 1904.

J. W. F. Woodall, alleging himself to be a resident and taxpayer of the Town of Adel, averred and proved that certain citizens of the town had signed a note, and on it borrowed from the Bank of Adel a sum of money which was given to the South Georgia & West Coast Railway Company in order to induce it to bring its line and locate its terminals in the Town of Adel; that the town had already made one payment to the bank on this note and had recently levied an extraordinary tax, the proceeds of which the city authorities proposed to use in payment of the note.     The prayer was for process against the Town of Adel, and that the town and its officers " be restrained and perpetually enjoined from paying out any of the public moneys belonging to the said municipality upon the debt aforesaid, including said note or any renewal thereof, or upon any private or individual indebtedness of any person whomsoever."   ' The bill was sanctioned on December 21, 1904.     On the same day an order requiring affidavits to be exhibited to the opposite party was signed.     The rule to show cause was made returnable January 3, 1905.     The petition was served on the Town of Adel.     It demurred generally and specially.     It filed a motion in the nature of a plea in abatement, on the ground that the plaintiff had previously brought another suit for the same subject-matter; that the suit had been dismissed, but that the cost had not been paid before the filing of the present petition.     The record in the previous suit was introduced, from which it appeared that the Town of Adel was not a party, and that the suit had been served only upon those who constituted the mayor and council of the town.     Subject to the demurrer and this plea in abatement, the Town of Adel answered and admitted the execution of the note, but contended that a meeting had been held of practically all the taxpayers of the town, and that it was the unanimous sense of the taxpayers that the citizens should make the donation, and it was agreed that the town itself should, as it was able, pay off the debt.     There were affidavits of various citizens, confirming the answer and setting forth at length the great benefit that had

resulted to the town from making the subscription and securing the road. It was shown that the taxable value of the town had largely increased, and that it was solely due to the building of the railroad, and that its presence had been secured by the making of the subscription. The answer filed on the return of the rule admitted that the plaintiff was a resident, but denied that he was a taxpayer. From the tax books it appeared that the plaintiff as trustee was a taxpayer, and he also offered in evidence a deed to a lot of land made to him individually, and recorded on June 17, 1904. The defendants objected to the introduction of this deed, because they had not been notified that the plaintiff intended to use it, and the restraining order provided that affidavits intended to be used should be served upon opposing counsel at least three days before the hearing. The defendant also objected to the introduction of the book of minutes and books of account produced under notice, it being claimed that the notice was not served ten days before the hearing, that it was not verified, and that the plaintiff's counsel did not make the statement required by the code.

The defendant's answer set up that " the note referred to in the plaintiff's petition has been fully paid off and satisfied before the bringing of plaintiff's petition, and that neither the town nor its officers are preparing to pay or attempting to pay off said note; that the same has been paid off and discharged." After consideration of the pleadings and affidavits, the court enjoined the town and its authorities, until the final hearing, " from paying any of the public funds of said municipality upon the note mentioned in the petition, or any renewal thereof, or upon the debt of any private individual, as set out in the prayer of the petition."

*R. A. Hendricks,* for plaintiff in error.
*W. H. Griffin* and *J. Z. Jackson,* contra.

LAMAR, J. (After stating the foregoing facts.) 1. On the hearing of an application for the grant of an interlocutory injunction or for the appointment of a receiver, there is a radical departure from some of the elementary principles relating to the admission of evidence. Affidavits are received. The opposite party is not allowed the right of cross-examination. This emphasizes the necessity of receiving only competent testimony. In the reviewing court, however, the question is whether the chancellor abused

his discretion in granting or refusing the prayer for extraordinary relief.    If the record shows sufficient and competent evidence to support his finding, or if that excluded would not probably have changed the result, the reviewing court will not pass upon assignments of error relating to the admission or rejection of evidence.

2. The petition sought to enjoin the collection of the tax, and also to restrain the city from using the public funds to make a donation.    Whether such a bill could be maintained by a resident, or by a taxpayer only, need not be discussed, because it appeared that Woodall made the tax return as trustee.    2 Cooley on Taxation (3d ed.), 1434–7 ; *Blanton* v. *Merry,* 116 *Ga.* 290 ; *Hudson* v. *Marietta,* 64 *Ga.* 288.    If " trustee " was not to be treated as descriptio personæ, he offered a deed showing he was the owner of real estate in the town.    This deed was properly admitted.    The order requiring each party to submit affidavits to the other did not apply to documentary evidence.    And if it did, the answer of the defendant denying that the petitioner was a taxpayer was not filed before the hearing.    Until then there was no issue on that point.    It was competent then for him to offer the evidence of his ownership of land in the town.    There was no claim of surprise, and no request for a continuance.    The chancellor did not err in permitting the deed to be introduced.

3. The time between the sanction of the bill and the return of the rule was less than ten days.    It was therefore impossible to give notice to produce the length of time usually required.    But the defendant made no showing that it was impossible to produce the books, nor was there any motion for a continuance.    The books were accessible.    The chancellor did not err in requiring them to be produced.    Had the defendant refused to comply and stood upon its right to ten days notice, the court would no doubt have granted time.    Civil Code, § 5249.

4. An injunction against a corporation is effective to bind its officers and agents, although they be not parties to the record. Neither the agents of the city nor the beneficiary of the proposed illegal donation are necessary parties defendant.

5. The former proceeding to enjoin the making of a donation was not against the Town of Adel in its corporate capacity, but against those who were its officers.    It was dismissed.    But the

Town of Adel could not rely upon the judgment between different parties as a bar to the present action, nor could it take any advantage of the fact that the plaintiff had not paid the cost in that separate and distinct suit.

6. The agreement to pay the note, whether to the railroad directly or by the way of compensating citizens who had already paid the railroad, was absolutely void. Nor would the fact that the taxpayers unanimously assented to this arrangement make valid what the constitution made void. Nor would it preclude one who subsequently moved into the city from filing a bill to prevent the public money from being used for the purposes forbidden by the constitution. Civil Code, § 5891; *Covington R. Co.,* v. *Athens,* 85 *Ga.* 367.

7, 8. Indeed, in view of the evidence properly received and the admissions in the answer, the only question before the court was whether there was anything to enjoin. The defendant contended "that the note referred to in the plaintiff's petition has been fully paid off and satisfied." · But it did not claim that the *debt* had been paid, nor does it negative the possibility insisted upon by the defendant in error, that a renewal note had been substituted for the original. The court properly restrained the town and its officers "from paying any of the public funds . . upon the note mentioned in the petition, or any renewal thereof, or upon the debt of any private individual, as set forth in the prayer of the petition."           *Judgment affirmed.    All the Justices concur.*