## SEABOARD AIR-LINE RAILWAY v. RANDOLPH.

Where, in a suit by a widow for the homicide of her husband, a verdict was found in favor of the plaintiff for $9,127.20, and the presiding judge, on the hearing of a motion for a new trial, expressed his disapproval of such verdict as being for too large a sum, and stated that he would not approve a verdict in favor of the plaintiff for exceeding $6,500, whereupon the plaintiff's attorney wrote off all in excess of that amount, and the judge then passed an order reciting, that, "it appearing" that the plaintiff had voluntarily reduced the verdict and judgment in her favor, and had written off all in excess of $6,500, the motion was overruled, under previous decisions of this court this was error which necessitates a reversal.

Argued October 15,—Decided December 19, 1907.

Rehearing denied January 15, 1908.

Action for damages. Before Judge Parker. Glynn superior court. March 9, 1907.

Mrs. H. B. Randolph brought suit against the Seaboard Air-Line Railway, to recover damages for the homicide of her husband. On the first trial a nonsuit was granted. *Randolph* v. *Brunswick and Birmingham R. Co.,* 120 *Ga.* 969 (48 S. E. 396). The suit was rebrought, and resulted in a verdict in favor of the plaintiff for $9,127.20. A motion for a new trial was made. During the argument the presiding judge "expressed his disapproval of the verdict in said case, as being for a greater sum than ought to be approved by him under the evidence; . . that he would not approve a verdict in said case in favor of the said defendant in error exceeding in amount the sum of $6,500." After this statement counsel for the plaintiff wrote off from the verdict all in excess of the sum thus indicated by the judge as satisfactory to him. An order was then passed reciting, that, "It appearing to the court in the above-stated case, that the plaintiff, Mrs. H. B. Randolph, has voluntarily written off and reduced the verdict and judgment in her favor, so as that the said verdict and judgment thus amended and so reduced and written off by her voluntarily be and remain

the sum of sixty-five hundred dollars ($6,500)," the motion for a new trial was overruled. The defendant excepted. There were assignments of error on the refusal of a new trial. One of the special assignments complained that the court erred in overruling and denying the motion and amended motion for a new trial upon the grounds therein contained, "after and notwithstanding said plaintiff had written off the excess and reduced said verdict and judgment complained of in said case to the sum of $6,500."

*Crovatt & Whitfield,* for plaintiff in error.

*Burton Smith* and *D. W. Krauss,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

The case before us is controlled by former decisions of this court. In *Savannah, Florida and Western Ry.* v. *Harper, 70 Ga.* 120, the following ruling was made: "Where general damages have been recovered for a personal tort, if they are so excessive as to lead the court to suspect bias or prejudice, he may grant a new trial; but the judge has no power to say that the verdict in such case should not exceed a specified sum, and to require the plaintiff to write off a portion of the damages, and thereupon refuse a new trial. Aliter, in actions on contracts or for torts to property, the value of which may be ascertained, and in relation to which fixed rules for measuring damages are recognized." Mr. Justice Hall in a learned and elaborate opinion discussed the power of the judge in such cases, the limitation thereon, and the reasons therefor, in the light of the common law and the statutes of this State. The only difference between the action of the presiding judge there and in the present case is that in the former case he stated in his order that a new trial would be granted unless a certain amount should be written off from the verdict by the plaintiff; which was done, and the defendant excepted. Here the bill of exceptions shows that the judge stated orally that he would not approve a verdict in favor of the plaintiff in excess of a certain amount; whereupon counsel for the plaintiff wrote off all in excess of that amount, and the motion for a new trial was overruled; to which the defendant excepted. The order on its face shows that the overruling of the motion for a new trial was affected or influenced by this "voluntary" (?) writing off of a part of the verdict. In *Savannah, Florida and Western Ry. Co.* v. *Godkin,* 104 *Ga.* 655 (30 S. E. 378, 69 Am. St. R. 187), the general rule was again stated. But cases of tortious

homicide were passingly referred to as exceptions; and the cases of *Carlisle* v. *Callahan*, 78 *Ga.* 320 (2 S. E. 751), and *Central Railroad* v. *Crosby*, 74 *Ga.* 737 (58 Am. R. 463), were cited. It was held that the mere voluntary writing off of a part of the verdict by the plaintiff was not in itself a ground for reversal, where it did not appear that this was done on the suggestion of the presiding judge or that his refusal of a new trial was influenced by the reduction of the verdict; and where this court could not say that the verdict as originally rendered by the jury was so excessive as to lead the court to suspect bias or prejudice on the part of the jury. See also *Brunswick Light etc. Co.* v. *Gale*, 91 *Ga.* 813 (18 S. E. 11); *Central of Ga. Ry. Co.* v. *Harden*, 113 *Ga.* 453 (38 S. E. 949); *Thompson* v. *Warren*, 118 *Ga.* 644 (45 S. E. 912); *McIntyre* v. *McIntyre*, 120 *Ga.* 67 (47 S. E. 501, 102 Am. St. R. 71).

In *Central of Georgia Ry. Co.* v. *Perkerson*, 112 *Ga.* 923 (38 S. E. 365, 53 L. R. A. 210), suit was brought by a widow for the homicide of her husband. Proof was made as to his earnings, and the mortality and annuity tables were introduced in evidence. The jury returned a verdict in favor of the plaintiff for $10,833.33. The defendant moved for a new trial. The motion was overruled except as to the ground complaining that the verdict was excessive, upon which ground the judge ordered that a new trial be granted unless the plaintiff should write off from the verdict a designated amount. The plaintiff complied with the requirement; and a new trial was thereupon refused. The defendant excepted. This court held that "The trial judge has no power to order that, as a condition to the refusal of a new trial, a portion of the verdict shall be written off as excessive, except where, from the application of the law to the evidence, the excess can be accurately ascertained." In the opinion Mr. Justice Fish reviewed various cases, including the *Carlisle* case in 78 *Ga.* 320 (2 S. E. 751), and the *Central Railroad* case, 74 *Ga.* 734 (58 Am. R. 463). The decision in the case of *Savannah, Florida and Western Ry.* v. *Harper*, 70 *Ga.* 119, was approved, and certain later decisions, which were not in harmony with it, were disapproved.

If the question were an original one, something might be said in favor of the practice adopted in some other States, where, if the presiding judge approves the finding so far as the question of liability is concerned, and thinks that the plaintiff is entitled to re-

cover against the defendant, but that the amount found is too large to be approved by him, he may allow a certain amount to be written off, and if the excess be voluntarily relinquished, the amount of the verdict would no longer be cause for a new trial. Bleckley, C. J., in *Augusta Ry. Co.* v. *Glover,* 92 *Ga.* 132 (15), 149 (18 S. E. 406), said: "Why should there be a new trial solely for the purpose of reducing the damages, when the plaintiff had voluntarily relinquished all that could be treated as excess?" But it did not appear there that the presiding judge by suggestion or order caused the reduction of the verdict, or made it a condition for the refusal of a new trial. The rule appears to be too well settled now in this State to discuss it as an open question. Under the authorities referred to above and other decisions cited in them, a reversal must result. It was argued that the point was not sufficiently made by the bill of exceptions. But it was quite as clearly made as in other cases cited above, and was sufficiently raised.

*Judgment reversed. All the Justices concur, except Atkinson, J., disqualified.*

### ON MOTION FOR HEARING.

A motion for a rehearing was made in this case. After careful consideration, it is overruled. It was urged that the assignments of error in cases cited in the original opinion more clearly raised the points considered than those in the case at bar. In some of the cases cited the specifications of error were more elaborate and perhaps more definite. But in other cases we do not think that the assignments of error which were passed on by this court made the point under consideration any more clearly than it was made in this case; and this was the meaning of the statement in the opinion that "it was quite as clearly made as in other cases cited above." Thus, in the case of *Savannah, Florida and Western Railway* v. *Harper,* 70 *Ga.* 120, the presiding judge ordered that the motion for a new trial should be granted unless within five days the plaintiffs should write off from the verdict a certain amount; and in the event they should do so, a new trial should be refused. The amount was written off. The assignments of error were that the judge erred in denying the motion for a new trial, and "that the said judge erred in not granting a new trial without terms or conditions. That the said judge erred in not granting, unconditionally, the new trial prayed for upon each and all of the grounds

of said motion for new trial and amendments thereto." This does not appear to make the point that the judge ought to have granted a new trial, and ought not to have refused it upon compliance with a condition that the plaintiff write off a part of his recovery, any more clearly, in our opinion, than in the present case the plaintiff in error complains that the judge orally disapproved the verdict as it stood, stated that he would not approve a verdict except for a certain amount, allowed the plaintiff's counsel to reduce it to that amount, and then refused a new trial. At any rate, we think that the bill of exceptions and the assignments of error therein are sufficient to raise the question for adjudication by this court.

It was suggested that no objection was shown to have been made, nor was any exception taken, to the court's allowing plaintiff's counsel to reduce the verdict by writing off a part of it, but only to the overruling of the motion for a new trial. Had the plaintiff in error assigned error because the presiding judge allowed the plaintiff to abandon a part of her recovery, she would no doubt have promptly replied that she had a right to cancel her recovery in whole or in part, and not to insist on collecting it all, or indeed any of it, if she saw fit not to do so. The trouble was, not merely that she wrote off a part of her recovery, but that the court announced his dissatisfaction with the verdict which the jury had found, as being excessive, and then, when the plaintiff had reduced it to an amount stipulated by him, refused the new trial. It was not simply the reduction of the amount which was the substantive cause of the complaint, but the refusal of a new trial upon the reduction of the verdict to an amount fixed by the presiding judge as satisfactory to him, instead of by a jury. The overruling of the motion, under the circumstances and on the basis set out in the bill of exceptions, was the real error assigned.

We think the point is controlled in principle by the decisions cited in the opinion heretofore filed; and that it is not open for discussion as an original proposition. In cases where, from the application of the law to the evidence, an excess in the verdict can be accurately ascertained and the verdict corrected by plaintiff's writing it off, a different rule might apply. But in cases like that under consideration, where the jury found a verdict for a specified amount, on account of the homicide of the plaintiff's husband, and there was no exact method by which, from an application of the

law to the evidence, if the amount was excessive, the excess could be accurately ascertained, under the former decisions of this court, which are binding, the presiding judge could not lawfully fix an amount which in his discretion would be a proper verdict, and, upon the plaintiff's reducing the recovery to that amount, refuse a new trial.

Counsel for the defendant in error included in his motion a request, that, if a new hearing should not be allowed, the new trial should be limited to assessing the amount of damages. Under the facts of the case, we do not think it would be proper to give such a direction to the court below; and the request is denied.