## MAYOR & ALDERMEN OF SAVANNAH v. RICHTER.

HINES, J. The City of Savannah, during the years 1921, 1922, and 1923, paved many of its streets under the amendment to its charter embraced in the act of August 18, 1919 (Ga. Laws 1919, p. 1294 et seq.), and as provided in sections 10 to 24 inclusive of said act. Various churches and sectarian institutions owned lots abutting upon said streets. These lots were duly assessed by the city for their shares of the cost of these pavements. Thereafter these churches and sectarian institutions applied to the Mayor and Aldermen of Savannah to be relieved from the payment thereof; and that body relieved them from the payment of said assessments, the city assuming the payment thereof out of the public treasury of the city. Richter, a citizen and taxpayer of the City of Savannah, filed his petition against the Mayor and Aldermen of the City of Savannah, seeking to enjoin them from paying for said assessments against such churches and sectarian institutions out of the funds in the public treasury of said city, on the ground that the payment thereof would violate paragraph 14 of section 1 of article 1 of the constitution of this State, which will be quoted in full below. The defendant demurred generally to the petition, on the grounds (1) that it set forth no cause of action, and (2) that it appears from the allegations of the petition that the act sought to be enjoined, to wit, the relief of the churches and sectarian institutions of said city from the payment of these assessments and the assumption of the payment thereof by the city, had already been done. The court overruled the demurrer, and to this judgment plaintiff excepted and assigns error thereon in this court. *Held:*

1. Real property of churches and sectarian institutions, abutting upon streets in the City of Savannah, which have been or may be paved under the amendment to the charter of that city, embraced in the act of August 18, 1919 (Ga. Laws 1919, p. 1294 et seq.), is liable for the cost of such pavement properly assessed against each abutting lot;

12

and such assessments are liens upon the respective parcels against which they are made. *City of Atlanta* v. *First Pres. Church*, 86 *Ga.* 730 (13 S. E. 252, 12 L. R. A. 852).

2. The action of the Mayor and Aldermen of the City of Savannah, in undertaking to relieve the churches and sectarian institutions, set out in the petition in this case, from the payment of the assessments levied against their lots, to pay the cost of the pavement thereof, under the amendment to the charter of the city mentioned in the above head-note, and in undertaking to assume the payment of and to pay such assessments, violates paragraph 14 of section 1 of article 1 of the constitution of this State, which provides: "No money shall ever be taken from the public treasury, directly or indirectly, in aid of any church, sect, or denomination of religionists, or of any sectarian institution." Civil Code (1910), § 6370; *Bennett* v. *City of LaGrange*, 153 *Ga.* 428 (112 S. E. 482, 22 A. L. R. 1312).

3. The court below did not err in overruling the demurrer to the petition upon the ground that the acts sought to be enjoined had already been done, the petition not seeking to enjoin relief already granted, but the payment by the city out of the public treasury of these assessments. *Town of Adel* v. *Woodall*, 122 *Ga.* 535 (50 S. E. 481).

*Judgment affirmed. All the Justices concur.*

No. 4668. MARCH 13, 1925.

Equitable petition. Before Judge Meldrim. Chatham superior court. December 13, 1924.

*F. P. McIntire*, for plaintiff in error. *G. H. Richter*, contra.