RICHTER *v.* MAYOR & ALDERMEN OF SAVANNAH *et al.*

GILBERT, J. Under the principle ruled in the case of *Bennett* v. *City of LaGrange*, 153 *Ga.* 428 (112 S. E. 482, 22 A. L. R. 1312), the court erred in sustaining the general demurrer.

*Judgment reversed. All the Justices concur, except Beck, P. J., dissenting.*

No. 4654. APRIL 18, 1925.

Petition for injunction. Before Judge Meldrim. Chatham superior court. December 1, 1924.

Richter, alleging himself to be a taxpayer of the City of Savannah, filed an equitable petition against the Mayor and Aldermen of the City of Savannah, nine named individuals alleged to have been aldermen of said city, and the Savannah Institute Sisters of Mercy, a corporation of Chatham County. The petition sets forth the following: The corporation referred to as the Sisters of Mercy is a religious community. In carrying out the objects for which it was incorporated its members devote themselves to the cause of

the advancement of the Christian religion.   The Sisters of Mercy are of the Roman Catholic faith or denomination, and aid in the cause of Catholicity by teaching and carrying on religious work; said corporation owns and operates St. Joseph's Hospital in the City of Savannah.   The rules and regulations of the hospital provide: "This institution is incorporated and owned by the Sisters of Mercy, and is intended to be operated from the standpoint of a religious order.   In the conduct of its affairs, no operation or medical practice prohibited by the rules of the Catholic Church will be permitted."   The Sisters of Mercy and the hospital are sectarian institutions.   On January 9, 1924, the City of Savannah appropriated to the hospital for the year 1924, $6900 payable monthly for city patients, and $600 payable monthly for free patients with contagious afflictions.   On January 23, 1924, petitioner, in a letter sent to and received by the city and said aldermen, advised the city that said appropriation was forbidden by the constitution of the State, and that an action would be brought for the purpose of enjoining the same, but that before bringing the action the facts and law were thus brought to the attention of the city in order that it might reconsider and revoke its action if it should find that the appropriation was contrary to law.   One meeting of the council of said city having passed without any action on said letter, a suit was filed on February 8, 1924, on behalf of numerous plaintiffs, including petitioner, seeking to enjoin said appropriation; and rule nisi was issued requiring the city to show cause, on March 3, 1924, why said appropriation should not be enjoined pendente lite.   On February 20, 1924, the city, by resolution of its council, rescinded said appropriation, and on the return of said rule nisi pleaded said rescission as a reason why injunction should not issue, and urged that said suit should be dismissed. On April 9, 1924, over objection of plaintiffs' attorney, an order was entered dismissing the petition because the issue made in the case was moot.   At a meeting of the council of the city, held on the afternoon of September 3, 1924, a resolution by the committee of the whole was offered and adopted, as follows:   "Be it resolved by the Mayor and Aldermen of the City of Savannah in council assembled, three quarters of the members voting in the affirmative, that the sum of sixty-eight hundred and seventy-five dollars be and the same is hereby appropriated out of the city treasury in favor

of the St. Joseph's Hospital for the following: Maintenance of the poor and medicines furnished poor patients of the City of Savannah, per bill and attached schedule, for the months of February, March, April, May, June, July, and August, 1924, 2750 hospital days at $2.50 per day; and the city comptroller is hereby authorized and directed to draw vouchers on the city treasury in favor of St. Joseph's Hospital for $6875, upon presentation of bill properly approved." Of the twelve aldermen of the city the nine individuals named as defendants were present at said meeting, and petitioner avers upon information and belief that each of them voted in the affirmative for said appropriation. One of said aldermen, M. A. O'Byrne, was the chairman of the finance committee of the city, and was also connected with the hospital, one of its rules and regulations providing: "A committee consisting of the Mother Superior of the Order, the Sister Superintendent of the Hospital, the Bishop of the Diocese, and Mr. M. A. O'Byrne shall have authority to act for this Hospital in all matters embraced in this plan." The banks of the City of Savannah close at 2 o'clock p. m.; and petitioner charges on information and belief that after the adjournment of the meeting of council at which the resolution above quoted was adopted, at about 5 o'clock p. m. September 3, 1924, the voucher for the payment to the hospital of the amount mentioned was signed by the presiding officer of council, was then handed by M. A. O'Byrne to the city comptroller for countersignature, with instruction to deposit the same at once to the credit of the hospital in the Exchange Bank of Savannah, and that, without indorsement of any person on behalf of the hospital, said voucher was so deposited by the comptroller of the city to the credit of the hospital after banking hours. The purpose of the conduct just described was to prevent any action to have said appropriation restrained, and to prevent the legality of the same from being passed upon by the courts. Said appropriation so made and paid was the taking of money from the public treasury in aid of the Roman Catholic Church and denomination of religionists and sectarian institution, in violation of article 1, section 1, paragraph 14, of the constitution of the State. The facts and law set out in the petition were well known to the aldermen at the time they voted for said appropriation and directed its payment; the same was wilfully done for the sake of policy, and in

violation of the duty of said aldermen to hold the money of the city in trust to be expended only in the manner authorized by law. Petitioner has not made application to the city to institute suit for the recovery of said appropriation, and for reasons alleged in the petition such application would be useless. Said appropriation unlawfully increases the burden of petitioner as a taxpayer; he had no opportunity to file suit to prevent payment of said money; he is remediless without the aid of a court of equity. The prayers are: (1) that said appropriation be decreed to have been unlawful and illegal; (2) that the aldermen named in the petition and the Sisters of Mercy be decreed to be jointly and severally indebted therefor to the Mayor and Aldermen of the City of Savannah; (3) that execution be issued on said decree, and, in addition to the usual provisions of executions, provide that petitioner may lodge same with the sheriff and direct him to proceed and to deposit the money raised thereon in the registry of the court to be paid over to the city upon proper order; (4) for process, and (5) general relief.

Two of the individual defendants filed demurrers to the petition, upon the ground that the same failed to set forth any cause of action. The trial court sustained the general demurrer, and the plaintiff assigned error upon that judgment.

*George H. Richter,* for plaintiff.

*F. P. McIntire, E. C. Brennan,* and *M. A. O'Byrne,* for defendants.

BECK, P. J., dissenting. I concur in the views expressed upon the questions involved in this case in the clear and forcible opinion of the able trial judge which was filed as a part of this record, and for the reasons stated in that opinion, and the reason assigned in my dissent in the case of *Bennett* v. *City of LaGrange* (supra), I dissent from the opinion of the majority in the instant case.