### 17530.  TENCH *v.* SWIFT & COMPANY.

LUKE, J.  The sole assignment of error in the motion for a new trial being upon the usual general grounds, and there being some evidence to support the verdict, which has the approval of the trial judge, it was not error to overrule the motion for a new trial.

*Judgment affirmed.  Broyles, C. J., concurs.  Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 14, 1926.  REHEARING DENIED JANUARY 11, 1927.

Complaint; from Habersham superior court—Judge J. B. Jones. March 11, 1926.

*J. C. & H. E. Edwards,* for plaintiff in error.

*McMillan & Erwin,* contra.

#### ON MOTION FOR REHEARING.

LUKE, J.  The plaintiff in error, in his motion for a rehearing, while admitting that the *only assignment of error* in his bill of exceptions was *upon the overruling of his motion for a new trial* (which was based upon the usual general grounds only), contends that that assignment "was sufficient to raise more than the mere question of whether the verdict was supported by the evidence; that it properly raised the question of whether or not the trial judge could, after having 'adjudicated' that the verdict and judgment were wrong, arbitrarily have written off a sum satisfactory to him and then refuse a new trial;" and the plaintiff in error cites, as a controlling case, *Seaboard Air-Line Railway* v. *Randolph,* 129 *Ga.* 796 (59 S. E. 1110), where the Supreme Court held that the assignments of error in the bill of exceptions were sufficient to raise that question.

In that case the bill of exceptions recites that the trial judge "expressed his disapproval of the verdict, as being for a greater sum than ought to be approved by him under the evidence, and after the statement by the judge that he would not approve a verdict in favor of the defendant in error exceeding in amount the sum of $6,500, the said counsel wrote off said excess from said verdict; and, after the plaintiff had reduced and written off from the said verdict and judgment the excess over and above the sum of $6,500, the judge then and there overruled the motion for a new trial; to *all of which* said Seaboard Air-Line Railway *excepted,* and *now excepts* and *assigns error thereupon* (italics ours).  Be it further remembered that said Seaboard Air-Line Railway, be-

Appeal and Error, 3 C. J. p. 1391, n. 14; 4 C. J. p. 864, n. 34.

ing dissatisfied with the reduction and writing off of said verdict and judgment *and* with the overruling of its motion for a new trial, and thereby affirming and permitting to stand the verdict and judgment rendered as aforesaid, and *excepting thereto* generally as herein set out, comes now and for more specific assignment of error says. . . Be it further remembered that said Seaboard Air-Line Railway, being dissatisfied and *alleging error as hereinbefore set out* (italics ours), hereby specifies the following parts of the record," etc. It appears that in the bill of exceptions in that case an assignment of error is made not only upon the refusal to grant a new trial, but upon the ruling of the judge in requiring the plaintiff to write off from the verdict and judgment a certain fixed amount, while in the instant bill of exceptions the only assignment of error, as admitted by the plaintiff in error, "is based on the formal grounds of the original motion" for a new trial. The ruling in the *Seaboard Air-Line Railway* case will not be extended to cover the facts of this case. Moreover, that case was a suit against a railroad for a personal tort, and the Supreme Court in its decision quoted with approval the following ruling from *Savannah, Florida & Western Railway* v. *Harper, 70 Ga.* 120: "'Where general damages have been recovered for a personal tort, if they are so excessive as to lead the court to suspect bias or prejudice, he may grant a new trial; but the judge has no power to say that the verdict in such case should not exceed a specified sum, and to require the plaintiff to write off a portion of the damages, and thereupon refuse a new trial. *Aliter, in actions on contract or for torts to property, the value of which may be ascertained, and in relation to which fixed rules for measuring damages are recognized* (italics ours).'"

*Motion for rehearing denied. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*