THIGPEN v. BATTS.

DUCKWORTH, Justice. 1. In this habeas-corpus proceeding brought by the mother for two minor children after her divorce from the father and her marriage to another man, it was error to admit in evidence, over timely objection on the ground that it was hearsay and damaging to the petitioner, a letter written by the father of the petitioner to the defendant in which he stated, "I certainly don't consider her [the mother] qualified physically, mentally, or morally fit to have full control of those precious little ones."

2. While the evidence was sufficient to support the judgment awarding custody to the defendant, the paternal grandmother, under the Code, § 74-106, nevertheless it did not demand such judgment, and consequently the error in receiving the inadmissible evidence requires a reversal.

3. The decisions in *Stephens* v. *Crawford*, 1 *Ga.* 574 (44 Am. D. 680), *Lee* v. *Baldwin*, 10 *Ga.* 208, and *Murphy* v. *Justices*, 11 *Ga.* 331 (2), containing language indicating that a reversal will not result from an erroneous admission of illegal evidence, if there is other evidence which supports the judgment, may be explained upon the ground that the other evidence there demanded the judgment. In such case only will the error not require a reversal. Similar language, used in *Davis* v. *Lowman*, 9 *Ga.* 504 (2), was in a case where the sufficiency of the evidence was not passed on by this court, and in fact no brief of the evidence was included in the record, and what was said was clearly obiter. In *Brady* v. *Little*, 21 *Ga.* 132, the purely negative testimony did not offset the positive testimony as to the fact at issue. The rulings in *Matthis* v. *State*, 33 *Ga.* 24, 31, and *Carlisle* v. *Callahan*, 78 *Ga.* 320 (2 a) (2 S. E. 751), are, under the facts there presented, clearly unsound, and to the extent that they constitute rulings that evidence less than that sufficient to demand the judgment, but enough to authorize it, will prevent a reversal, they are expressly overruled. *Town of Adel* v. *Woodall*, 122 *Ga.* 535 (50 S. E. 481), containing language similar to that here under consideration, involved an application for an interlocutory injunction, and, as stated by this court, on such a hearing there is a radical departure from some of the elementary principles of law relating to the admission of evidence; and the facts of the case distinguish it from the present one. For other cases to the same effect, see *Southern Cotton Oil Co.* v. *Overby*, 136 *Ga.* 69 (2) (70 S. E. 664); *Griffith* v. *Hapeville*, 182 *Ga.* 333 (4) (185 S. E. 522); *State Highway Board* v. *Baxley*, 190 *Ga.* 292 (2) (9 S. E. 2d, 266); *Kniepkamp* v. *Richards*, 192 *Ga.* 509 (9), 521 (16 S. E. 2d, 24); *Atlantic Railway Co.* v. *Cordele*, 128 *Ga.* 293 (2) (57 S. E. 493); *Horton* v. *Fulton*, 130 *Ga.* 466 (4) (60 S. E. 1059); *Richmond Cotton Oil Co.* v. *Castellaw*, 134 *Ga.* 472 (6) (67 S. E. 1126). As to the rule in a temporary-alimony case, compare *Gaulding* v. *Gaulding*, 184 *Ga.* 689 (192 S. E. 724). As instances where the judgment was demanded and the admission of illegal evidence was not cause for a reversal, see *Ellis* v. *Smith*, 10 *Ga.* 253; *Lewis* v. *Adams*, 61 *Ga.* 559 (4); *Ellis* v. *Mills*, 99 *Ga.* 490 (4) (27 S. E. 740); *Johnston* v. *Coney*, 120 *Ga.* 767 (4)

(48 S. E. 373) ; *Darsey* v. *Darsey,* 138 *Ga.* 584 (75 S. E. 667) ; *Martin* v. *Turner,* 170 *Ga.* 62 (2) (152 S. E. 112) ; *Delray Inc.* v. *Piedmont Investment Co.,* 194 *Ga.* 319 (5) (21 S. E. 2d, 420, 142 A. L. R. 1116).

*Judgment reversed. All the Justices concur, except*

GRICE, Justice, dissenting. The evidence as to the fitness or unfitness of the mother to have the custody of the child is in conflict. This case is being reversed because of the admission in evidence of a letter from Green, the father of the mother, the defendant in error, in which he made this statement: "I certainly don't consider her [the mother] qualified physically, mentally, or morally fit to have full control of those precious little ones." I think that no sufficient cause has been shown for reversal. In the first place, the writer of the letter, as a witness on the stand, had testified that: "I wrote the letter, which you have exhibited to me, to Mrs. Batts. The plaintiff is my daughter. I do not consider her mind perfect. I know Mrs. J. W. Batts, the respondent, and I consider her to be better fitted morally and mentally to have the custody of the children than my daughter." While his statement in the letter went farther than his testimony quoted above, the two are, in my opinion, near enough alike to fall within the well-recognized rule that testimony illegally admitted is no ground for new trial when it appears from the record that practically the same testimony, unobjected to, from other sources was admitted. While *Town of Adel* v. *Woodall,* 122 *Ga.* 535 (supra), was an interlocutory-injunction case, the reason behind the rule there announced nearly forty years ago would make it applicable in the trial of a habeas corpus. *Town of Adel* v. *Woodall* does not stand alone, but like statements may be found in a number of other cases that are cited in the leading opinion. In both injunction cases and habeas-corpus cases, the judge himself is the trier of the facts. In both, affidavits may be used. *Robertson* v. *Heath,* 132 *Ga.* 310 (64 S. E. 73) ; *Landrum* v. *Landrum,* 159 *Ga.* 324 (125 S. E. 832, 38 A. L. R. 217). This is not an instance where a letter was read from an absent witness. The author of the letter was in court, called as a witness, and testified. He could have been cross-examined as to the basis of his opinion as expressed in the writing, but he was not. *Matthis* v. *State,* 33 *Ga.* 24 (supra), and *Carlisle* v. *Callahan,* 78 *Ga.* 320 (supra), were cases which were being tried before a jury, and whether correctly decided or not, this is not, in my opinion, the occasion to review and overrule them. In any event, before a reversal could be had, it should be manifest that the error, if any, in this class of cases controlled the judgment of the court. *Gaulding* v. *Gaulding,* 184 *Ga.* 689 (supra). In the case last cited, the doctrine announced in *Town of Adel* v. *Woodall,* supra, was applied to applications for temporary alimony. I think that, under the facts of this record, the judgment should be affirmed.

No. 15105. MARCH 7, 1945.

*McDonald & McDonald,* for plaintiff in error.

*W. R. Mixon* and *Philip Newbern,* contra.