S05A1632. TAETLE v. ATLANTA INDEPENDENT SCHOOL
SYSTEM et al.
(625 SE2d 770)

THOMPSON, Justice.

In this case, we are called upon to decide whether an arms-length commercial lease agreement between a public school system and a church violates the Establishment Clause of the Georgia Constitution. We hold that it does not, and affirm the judgment of the superior court.

The facts of this case are straightforward. We summarize them as follows:

In order to eliminate overcrowding of the Sarah Smith Elementary School, the Atlanta Board of Education authorized the Atlanta Independent School System ("APS") to create a kindergarten annex by leasing classroom space at the Buckhead Baptist Church. The lease agreement provided that APS would rent space from the church for a period of five years and nine months.[1] The agreement also provided that APS would pay for renovations and improvements on the church's property, for which APS would receive a credit for rents owed.

Alleging that the lease violated the Establishment Clause of the Georgia Constitution, plaintiff brought suit to enjoin APS from making payments to the church. On cross-motions for summary judgment, the superior court granted defendants' motion, holding that the lease agreement did not violate the Georgia Constitution. This appeal followed.

Our Constitution's Establishment Clause[2] provides:

No money shall ever be taken from the public treasury, directly or indirectly, in aid of any church, sect, cult, or religious denomination or of any sectarian institution.

---

[1] The space was rented previously by a non-sectarian girls school.
[2] Art. I, Sec. II, Par. VII of the 1983 Georgia Constitution.

Under this provision, neither the State nor any of its political subdivisions can own or control, or give monetary aid, to a church or religious institution. *Mayor &c. of Savannah v. Richter*, 160 Ga. 177 (127 SE 148) (1925); *Bennett v. City of LaGrange*, 153 Ga. 428 (112 SE 482) (1922); see *Collum v. State*, 109 Ga. 531, 532 (35 SE 121) (1900). Thus, a municipality cannot appropriate money for a sectarian hospital to care for city patients. *Richter v. Mayor &c. of Savannah*, 160 Ga. 178 (127 SE 739) (1925). And, in the same vein, a municipality cannot pay money to a religious organization to enable that organization to assume the city's charity work. *Bennett v. City of LaGrange*, supra. That is because a political subdivision of this state cannot give money to a religious institution in such a way as to promote the sectarian handiwork of the institution.[3] But that is not to say that a political subdivision of the state cannot enter into an arms-length, commercial agreement with a sectarian institution to accomplish a non-sectarian purpose. And that is what happened here. APS did not give money to the church to foster the education of its children in a sectarian school.[4] On the contrary, APS merely leased classroom space from the church so it could establish and run a public kindergarten in a non-sectarian environment.[5] The payments made by APS under that lease do not constitute the giving of monetary aid to the church and do not, therefore, violate the Establishment Clause of our Constitution.[6]

*Judgment affirmed. All the Justices concur, except Sears, C. J., who concurs in judgment only.*

---

[3] See id. at 437 ("[W]hen the City of LaGrange made the contract with the Salvation Army, by which the latter, a sectarian institution, assumed the care of the poor of that city although at actual cost, this was giving a great advantage and the most substantial aid to the Salvation Army in the prosecution of its benevolent and religious purposes.").

[4] If that were so, we would be compelled to reach a contrary conclusion. See id. ("When the State selects a sectarian institution of learning, and commits to such institution its wards, for whose maintenance and education it pays, it gives the most substantial aid to such an institution.") (dictum).

[5] See in this connection *Traverse City School Dist. v. Attorney General*, 185 NW2d 9, 19-20 (384 Mich. 390) (1971) ("Premises occupied by lease or otherwise for public school purposes under the authority, control and operation of the public school system by public school personnel as a public school open to all eligible to attend a public school are public schools. This is true even though the lessor or grantor is a nonpublic school and even though such premises are contiguous or adjacent to a nonpublic school.").

[6] In passing, we observe that other jurisdictions have upheld the right of public school districts to lease all or part of a church for public school purposes. See *State ex rel. School Dist. of Hartington v. Nebraska State Bd. of Ed.*, 195 NW2d 161, 163 (188 Neb. 1) (1972). In *Hartington*, the Nebraska Supreme Court was faced with a similar constitutional provision and similar facts and held: "If the property used or leased is under the control of the public school authorities and the instruction offered is secular and nonsectarian, there is no constitutional violation."

DECIDED JANUARY 17, 2006.

*Casey, Gilson & Leibel, Steven K. Leibel, Jonathan R. Granade,* for appellant.

*Greenberg Traurig, Rodney G. Moore, Charles M. Smith,* for appellees.