### 11706. WILLIAMS *v.* HINES, director-general.

LUKE, J. 1. The assignment of error upon the ground that the verdict is a chance or quotient verdict is without merit, and is controlled by the case of *City of Columbus* v. *Ogletree,* 102 *Ga.* 293(8) (29 S. E. 749).

2. Damages are given to compensate for the injury sustained (Civil Code (1910), § 4390); but where the evidence was conflicting, and the jury might have been warranted in finding for the defendant, the fact that the evidence might have authorized a verdict for the plaintiff for a greater amount than that found will not necessarily require a reversal of the judgment overruling the plaintiff's motion for a new trial. The credibility of witnesses was for the jury, and, the presiding judge having overruled a motion for a new trial which complained solely of the small finding of the jury and assigned no error upon any charge or ruling of the court pending the trial, and the verdict being authorized by the evidence, this court will not reverse the judgment.

  *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

  DECIDED MARCH 8, 1921. REHEARING DENIED APRIL 13, 1921.

Action for damages; from city court of Savannah — Judge Rourke. June 11, 1920.

Application for certiorari was denied by the Supreme Court.

The action was for damages in the sum of $20,000 on account of personal injuries alleged to have been caused by the derailment of a railroad-train upon which the plaintiff was a passenger. He obtained a verdict for $155, and made a motion for a new trial, in which he alleged that the verdict was " grossly inadequate and so small as to justify the inference of gross mistake or undue bias on the part of the jury." There was testimony to the effect that the derailment caused the back of the plaintiff's head to strike a wash-basin, and that total deafness of his right ear and impairment

of the hearing of his left ear resulted. The evidence was conflicting as to the extent of his injuries.

Another ground· of the motion for a new trial was as follows: "The verdict of the jury finding for the plaintiff the sum of $155 is illegal and void, for that the said verdict is a chance or quotient verdict, arrived at by adding together the several amounts which each juror deemed proper and dividing the total by twelve, under an agreement on the part of said jurors to abide by the result thus ascertained and return the same as their verdict,  . . all of which will more fully appear by reference to the affidavit . . hereto attached." · From this affidavit it appears that twelve slips of paper were found on a table in the jury-room immediately after the rendition of the verdict, that various amounts were written on ten of them, and that on the others were written "no damages" and " 00, " and that a twelfth of the total sum was $154.58; but there is nothing further to indicate that there was an agreement by the jurors "to abide by the result thus ascertained."

Cited in motion for rehearing (as to inadequacy of damages): *Anglin* v. *City of Columbus,* 128 *Ga.* 469.

*Simon N. Gazan,* for plaintiff.

*Anderson, Cann, Cann & Walsh,* for defendant.