### 24328. HUGHES v. REYNOLDS, Solicitor General.

ARGUED OCTOBER 9, 1967—DECIDED OCTOBER 20, 1967.

728

*Fred E. Bartlett, Jr., Thomas W. Malone,* for appellant.

*Robert W. Reynolds, Solicitor General,* for appellee.

ALMAND, Presiding Justice. Under Sections 1 and 2 of an Act of the General Assembly, approved April 11, 1967 (Ga. L. 1967, p. 479 et seq.), which is entitled "The Sunday Business Activities Act to prohibit certain business activities on Sunday" and provides for civil and criminal penalties for violations thereof, it is provided:

"Section 1. It shall be unlawful for any person, firm, or corporation to engage on Sunday in the business of selling, or to sell or offer for sale, on such day, at retail the following, which shall be classified as prohibited items: clothing or wearing apparel; clothing accessories; furniture, floor coverings; housewares; home, business or office furnishings; household, business or office appliances; hardware, tools; paints; lumber or building supply materials; jewelry; silverware; watches, clocks; luggage; musical instruments; radios, record players or television sets; recordings; toys (excluding novelties and souvenirs); or motor vehicles. Each separate sale or offer to sell shall constitute a separate offense.

"Section 2. The business of selling prohibited items enumerated in section 1 hereof shall not be deemed to include the sale of prohibited items in connection with the operation of a business primarily engaged in the sale of non-prohibited items. For the purpose of this section, a business primarily engaged in the sale of non-prohibited items shall mean a retail business in which dollar volume of sales of prohibited items constitutes less than 50% of the total dollar volume of sales of non-prohibited items, both as measured by sales during the Sunday as to which violation is alleged and the four Sundays immediately preceding the date of the enforcement of this Act. Any person, firm, or corporation claiming exclusion under this section shall have the burden of proof as to the volume of sales of prohibited and non-prohibited items."

Section 3 of the Act provides that any person, firm or corporation found guilty of violating the provisions of Section 1 shall be guilty of a misdemeanor. Section 4 provides: "The purpose of this Act being to promote the health, recreation and

welfare of the State, the engaging on Sunday in the business of selling, or offering for sale of any of the prohibited items named in section 1 of this Act contrary to the provisions hereof is declared to be a public nuisance and any person may apply to any court of competent jurisdiction and may obtain an injunction restricting further violation of this Act."

On July 5, 1967, Robert W. Reynolds, Solicitor General of Dougherty Judicial Circuit, filed his petition in the Superior Court of Dougherty County in which he alleged that R. Whaley Hughes, as manager or person in charge of Furniture Discount which is a store operated exclusively for the sale of furniture and located in Albany, Georgia, was unlawfully operating this business on Sunday. More specifically it was alleged that in violation of the 1967 Sunday Business Activities Act, the defendant on Sunday, July 2, 1967, sold and offered for sale items of furniture. The prayers were that the defendant should be temporarily and permanently enjoined from further violation of said Act.

On the hearing for an interlocutory injunction, the defendant filed his answer and general demurrers. The court overruled the demurrers and after hearing evidence granted the injunction as prayed. The appeal enumerates error only on the overruling of the general demurrers.

The general demurrers challenged the validity of the Sunday Business Activities Act on several grounds. Among these challenges were the grounds that the Act violates the due process and equal protection clauses of the United States and Georgia Constitutions.

It is asserted that the Act violates Art. I, Sec. I, Par. II of the Georgia Constitution of 1945 (*Code Ann.* § 2-102) which provides that, "Protection to person and property is the paramount duty of government, and shall be impartial and complete" in that "said Act prohibits the sale on Sunday of certain items of merchandise without in any way relating the items or their prohibition of sale to the health, recreation and welfare of the State.

"Said Act allows the sale of prohibited items by some individuals while prohibiting the sale by others without reasonably

relating either exemption or prohibition of sale to the health, recreation or welfare of the State.

"Said Act denies defendant equal protection of the law in that said Act prohibits defendant from selling furniture at retail while allowing others to sell at retail novelties, souvenirs and any other article of merchandise and therefore said Act is discriminatory and unreasonable.

"Said Act further denies equal protection of the law and is further violative of the due process clause because it creates an unreasonable, arbitrary and capricious method for becoming exempt from the prohibitions of said Act.

"Said Act denies equal protection to the defendant and deprives him of property and liberty without due process of law in that he being a merchant selling some of the prohibited items is subjected to criminal prosecution and injunctive prohibition against sale of certain items which are nowhere shown in said Act to be in any way detrimental to the health, recreation or welfare of the State, but are defined on a capricious and unreasonable basis."

In support of this constitutional provision is the declaration of public policy as found in *Code* § 79-205 which provides: "Among the rights of citizens are the enjoyment of . . . private property and the disposition thereof." The right to transact business in a manner not contrary to public health, safety, morals or public policy is a protected constitutional right and must be preserved to the citizens without discrimination. *Frigidice Co. v. Southeastern Fair Assn.,* 58 Ga. App. 694, 705 (199 SE 760); *Jones v. City of Atlanta,* 51 Ga. App. 218 (179 SE 922).

Where laws are applied differently to different persons under the same or similar circumstances, equal protection of law is denied. *Simpson v. State,* 218 Ga. 337 (127 SE2d 907); *Buchanan v. State,* 215 Ga. 791 (113 SE2d 609); *Moultrie Milk Shed, Inc. v. City of Cairo,* 206 Ga. 348 (57 SE2d 199). Though the General Assembly in the proper exercise of the police power can regulate certain trades or occupations and not regulate others, "[w]hat trades or occupations shall be regulated, and the nature and extent of the regulations to be applied, are questions for the legislature to determine, and fall

within the proper exercise of the police power of the State; and unless the regulations are so unreasonable and extravagant that the property or personal rights of the citizen are unnecessarily and arbitrarily interfered with, without due process of law, they do not extend beyond the power of the State to pass." *Cooper v. Rollins,* 152 Ga. 588 (2) (110 SE 726, 20 ALR 1105).

There is an abundance of authority from the highest courts of the several states dealing with the constitutionality of state statutes and municipal ordinances prohibiting business activities on Sunday either upon classification of stores or the sale of commodities wherein certain exceptions are made as to enumerated stores or commodities. These laws and ordinances have generally been upheld, as long as the prohibited class and the excepted class have a reasonable relation to the health, safety and welfare of the general public. If these stores or the sale of commodities excepted from the requirement of closing on Sunday are shown to be arbitrarily or capriciously excepted, then such laws deny equal protection. For annotations of the many authorities on Sunday closing laws, see 91 ALR2d 750, 57 ALR2d 969, 119 ALR 747, and 46 ALR 284. See also Skag-Way Dept. Stores, Inc. v. City of Grand Island, 176 Neb. 169 (125 NW2d 529); State v. Woodville Appliance, Inc., 13 Ohio Op. 2d 46 (171 NE2d 565); Pacesetter Homes, Inc. v. Village of South Holland, 18 Ill. 2d 247 (163 NE2d 464).

Section 1 of the Act lists 24 retail businesses of the prohibited class. It is noticeable that manufacturers and sellers at wholesale of these articles of commerce are not of the prohibited class. We take notice of the absence of many other businesses selling articles at retail or rendering services that are not included within the prohibited class. A few of these non-prohibited businesses are: grocery stores, drug stores, book stores, newsstands, sellers of bicycles, motor boats, machinery and automobile tires. It would seem that the health, recreation and welfare of the State would be more concerned about the sale on Sunday of a book or magazine containing pornography than it would be by the sale of a chair or table by a furniture dealer on Sunday.

Section 2 of the Act is subject to the charge of arbitrary and

732

unreasonable discrimination. This section permits a store which is primarily engaged in the retail sale of non-prohibited items to sell prohibited items on Sunday as long as the dollar value of sales of prohibited items constitutes less than 50% of the total dollar value volume of sales of the non-prohibited items. Thus, if A who is engaged in the furniture business sells a chair on Sunday, he is subject to being prosecuted civilly and criminally. But, if B who is engaged in a retail business selling prohibited and non-prohibited items sells a chair on Sunday, he is not subject to any penalty unless the total dollar value of the Sunday sales of prohibited items is more than 50% of the total dollar value of Sunday sales of non-prohibited items. This section permits a store selling a variety of goods to sell an item of furniture on Sunday while subjecting to civil and criminal penalties one who operates a store exclusively for the sale of furniture on Sunday. This is patently discriminatory.

We hold that Sections 1 and 2 of the Act under consideration (Ga. L. 1967, p. 479 et seq.) violate Art. I, Sec. I, Par. II of the Georgia Constitution of 1945 (*Code Ann.* § 2-102) in that they deny to the defendant and others similarly situated equal protection of the laws.

It was error to overrule the general demurrers.

*Judgment reversed. All the Justices concur.*