## 43493. BENNETT v. SOUTHERN RAILWAY COMPANY.

HALL, Judge. The plaintiff appeals from a judgment for the defendant in his action for personal injuries brought under the Federal Employers' Liability Act.

1. The trial court did not err in permitting questioning of the plaintiff by the defendant on cross examination, about previous statements the plaintiff had made before a court reporter. It appears from colloquy at the trial between court and counsel that the transcript of the plaintiff's previous statements had not been signed and filed in court as a deposition. Upon objection by plaintiff's counsel the court ruled that the defendant's counsel could question the plaintiff about what he stated on the occasion, but could not refer to it as a deposition, and the plaintiff's counsel acquiesced in this ruling. If the plaintiff's counsel considered further ruling or instruction by the court necessary to protect his client's interest, he should have made an appropriate motion for it. Cf. *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384, 386 (130 SE2d 355); *State Hwy. Dept. v. Rutland,* 112 Ga. App. 792, 795 (146 SE2d 544).

2. The trial court did not err in permitting cross examination of the plaintiff revealing an insurance claim in which the plaintiff stated he was ill due to sickness without mentioning the alleged accident upon which his suit was based, as evidence of a previous statement inconsistent with plaintiff's contention in the present suit. *Travelers Ins. Co. v. Miller,* 104 Ga. App. 554, 564 (122 SE2d 268).

3. For the purpose of proving that the railroad defendant had notice or knowledge of the plaintiff's alleged injury by accident, the plaintiff offered evidence of a conversation between the plaintiff and a man named Tyson whom the witness had known as an employee of the railroad, but whose position with the railroad at the time of the conversation with the plaintiff the witness did not know. The trial court did not err in excluding this evidence, since the plaintiff failed to show that notice of the plaintiff's injury to Tyson would be imputable to the railroad.

4. The trial court did not err in overruling the plaintiff's objection at the trial to the questioning of a witness for the plaintiff as to the amount of damages the witness was seeking in his suit pending against the defendant railroad. The

defendant's counsel then asked, "$150,000 damages for getting thrown on your back?" After the witness answered "Yes" to the question, the plaintiff's counsel made no further objection or motion on the ground that the testimony was unnecessary and inflammatory, which is what he argues in this court. *Home Finance Co. v. Smith*, 116 Ga. App. 76, 77 (156 SE2d 522).

5. The plaintiff fails to support his enumeration of error on the overruling of his motion for new trial.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

ARGUED MARCH 5, 1968—DECIDED MARCH 15, 1968.

*Ernest Bostick*, for appellant.

*Greene, Buckley, DeRieux, Moore & Jones, John D. Jones*, for appellee.