### 27848. J & L OIL COMPANY INC. v. CITY OF CARROLLTON et al.

JORDAN, Justice. In July, 1972, J & L Oil Company, asserting that an ordinance of the City of Carrollton is (1) unreasonable, (2) unconstitutional, (3) contrary to Georgia law, and that (4) the city is estopped, sought mandamus to compel the city to issue to it a license to operate a self-service motor fuel station within the city

limits. After a hearing the trial judge denied the relief sought. J & L appeals.

The controversy involves an abandoned service station in Carrollton two blocks from the city hall which J & L purchased in 1970. On May 1, 1971, J & L commenced renovating it for the purpose of operating a self-service station.

On April 10, 1971, the Governor approved an Act of the General Assembly (Ga. L. 1971, pp. 683, 684; Code Ann. §§ 23-2713, 23-2714) providing: "Section 1. The governing authority of each county and municipality is hereby authorized to license the operation of self-service motor fuel dispensing pumps, and to charge a fee for each said license. If the governing authority determines that the operation of self-service motor fuel dispensing pumps will not be injurious to the health or welfare of the residents of the political jurisdiction affected, it shall grant a license to any applicant, not otherwise disqualified by law, who shall make application on a form prescribed by the governing authority. The license shall be effective from January 1 to December 31 of each year. [Code Ann. § 23-2713]. Section 2. It shall be unlawful for any person, firm or corporation to operate a self-service motor fuel dispensing pump unless an attendant is present at the pump's location and such person, firm or corporation shall have obtained a valid license from the governing authority of the political jurisdiction affected. [Code Ann. § 23-2714.]"

On June 7, 1971, the City of Carrollton adopted the ordinance under attack, effective immediately, which states in substance that upon consideration of the highly flammable nature of motor fuels and the necessity for extreme safety precautions by persons dispensing same, it shall be unlawful for anyone other than the owner of a service station, manager, operator, or his agent, servant, or employee, to dispense motor

fuel to the general public in the city limits, any violation being punishable as provided by the charter and ordinances of the city. *Held:*

The State "local option" law, supra, approved on April 10, 1971, became effective on July 1, 1971. See Code Ann. § 102-111. It is not under attack in the present case, and the trial judge recognized this fact in his order. (See Munford, Inc. v. Georgia Oilmen's Association, Civil Action No. 2655, U. S. District Court, Middle District of Georgia, for a construction of the constitutionality of this statute.) As a law of general application throughout the state it must be viewed as controlling over any ordinance enacted by a municipal corporation operating under powers derived from the state and subject to control of the state. This general law purports to pre-empt the area of regulating self-service motor fuel dispensing pumps, by first delegating under Section 1 the power to license to the governing authority of each county and municipality, subject to the condition precedent that each local authority must determine "that the operation of self-service motor fuel dispensing pumps will not be injurious to the health or welfare of the residents of the political jurisdiction affected," and then prohibiting under Section 2 the operation of self-service dispensing pumps without an attendant and *without a valid local license.* Thus, even if we should declare the ordinance of June 7, 1971, invalid for any reason, such a declaration would not entitle the appellant to the relief sought, for there is nothing in the state law requiring the local governing authority to give further consideration to the matter and issue a license for said operation. The case of *Heard v. Bolton,* 107 Ga. App. 863 (131 SE2d 835), is not applicable here since the General Assembly had not passed a general law governing the operation of coin operated laundries.

Moreover, we do not consider the city ordinance invalid

for any reason argued and insisted upon. At the time enacted it represented a legitimate exercise of the police power of the municipality. It also represents a determination consonant with the "local option" policy adopted by the state under the statute which became effective some three weeks later.

Able counsel for appellant cites cases from foreign jurisdictions showing a trend toward judicial sanction of this type service station operation. His argument is persuasive that this modern and efficient manner of operation is the trend of the future. But such argument must be made in the legislative halls of this state. Instead of giving full and free sanction in this area, the legislature through the statute here involved, has restricted such operations to a "local option" basis.

*Judgment affirmed. All the Justices concur, except Nichols, Undercofler and Hawes, JJ., who dissent. Gunter, J., concurs specially.*

ARGUED APRIL 9, 1973 — DECIDED JUNE 28, 1973 — REHEARING DENIED JULY 12, 1973.

*Willingham, Smith, Robertson & Sparrow, George T. Smith,* for appellant.

*Wiggins & Camp, William J. Wiggins,* for appellees.

GUNTER, Justice, concurring in the judgment of affirmance. The appellant sought to compel by a mandamus action the issuance by a local governing authority of a license to operate self-service motor fuel dispensing pumps within the jurisdiction of the local governing authority.

A Georgia statute provides that "it shall be unlawful for any person, firm or corporation to operate a self-service motor fuel dispensing pump unless . . . such person, firm or corporation shall have obtained a valid license from the governing authority of the political jurisdiction affected." Code Ann. § 23-2714.

Since self-service motor fuel dispensing pumps are used to dispense inherently dangerous products to the buying public I consider this state statute prohibiting their use without licensing to be a valid and proper exercise of the state's police power. This state statute also allows and directs each local governing authority within the state to exercise police power with respect to self-service motor fuel dispensing pumps within the territorial jurisdiction of each local governing authority.

As I interpret the state statute, each local governing authority within the state, in exercising the police power delegated to it, can decline to license self-service motor fuel dispensing pumps within its territorial jurisdiction. And this is true whether the local governing authority enacts an ordinance on the subject or not.

I then come to the question of whether or not the refusal by a local governing authority to issue licenses for the use of self-service motor fuel dispensing pumps within its territorial jurisdiction is an invalid exercise of the police power, or an abuse of the police power, in that such refusal is arbitrary, capricious, unreasonable, and unrelated to the subject of safety.

This issue has been before the courts for many years. In the case of Nance v. City of Cheyenne, 56 F2d 453 (1931), the United States District Court for the District of Wyoming held that such refusal is a "fairly debatable question," and that the propriety or wisdom of such a refusal was a matter for the city council to determine in the exercise of its police power. That decision further held that such a refusal was not a violation of equal protection of the law or due process of law. Reaching essentially the same result were the cases of Reingold v. Harper, 6 N. J. 182 (78 A2d 54) (1951), and McCardle v. City of Jackson (Miss.), 260 S. 2d 482 (1972).

I conclude that the refusal of a local governing authority in Georgia to issue licenses for the operation of self-service motor fuel dispensing pumps within its

territorial jurisdiction is not palpably unreasonable or unduly discriminatory. Such a decision by a local governing authority is also, in my opinion, reasonably related to the subject of safety within its territorial jurisdiction.

I think that the municipality in this case, in refusing to issue licenses for self-service motor fuel dispensing pumps within its territorial jurisdiction, has acted within its police power authorization; such refusal was not a violation of equal protection or due process of law; and such refusal was not arbitrary, capricious, unreasonable, or an abuse of the proper exercise of the police power with respect to an inherently dangerous product.

For the reasons stated, I concur in the judgment of affirmance.

UNDERCOFLER, Justice, dissenting. The Act of 1971 (Ga. L. 1971, p. 683), provides that a local license must be obtained to operate self service motor fuel pumps and if the local government determines that such pumps are not injurious to the health or welfare of its residents, the license shall be granted. The City of Carrollton by ordinance requires that no person other than the owner of the station, his agent, servant, or employee may dispense motor fuel. Thereby it has banned self service motor fuel pumps. It follows that the City of Carrollton has determined that such pumps are injurious to the health and welfare of its residents. The preamble of the ordinance so indicates as follows: "Having given full consideration to the highly flammable nature of gasoline, diesel fuel and other motor fuel and the extreme safety precautions required of all persons dispensing the same, it is hereby ordained . . ."

J & L Oil, Inc., attacked the ordinance as arbitrary and unreasonable and therefore violative of constitutional provisions of due process and equal protection of the laws.

Selling gasoline and other motor fuels is a legal business. Persons are entitled to engage in such business.

Self service gasoline stations may be banned only if it is reasonably necessary for public safety, health or welfare. In determining the question of reasonableness, extrinsic evidence may be considered.

There are various types of self service gasoline stations. I have no doubt that certain of them may be classified as unsafe. However, other types have been shown to be as safe or safer than conventional service stations. Such is the case here. J & L Oil, Inc., proposes to operate a self service gasoline station with an attendant present at all times in a booth to control the on-off operation of the pumps, including emergency cut off, by remote console; that the pumps cannot be operated unless the attendant is present; that the attendant undergoes prescribed training at the console; that the pump nozzles cannot be locked open as is common in conventional stations; that ample fire fighting equipment is available; that the proposed operation complies with all state and federal regulations for self service motor fuel stations; that self service gasoline stations are operating in 36 states; that J & L Oil, Inc., operates such stations in the States of Wisconsin, North Carolina, Kentucky, Alabama, and in East Point, Marietta, Atlanta, Fitzgerald and Newnan, Georgia; that in three years of operation there has never been a fire at any such station; that the State of Georgia Fire Marshal has issued 66 self service station permits of which 55 are operating; that he has received 237 applications of which 218 were approved; and that there have been no reports of fires or instances of fires in self service stations in Georgia. There was also testimony that self service stations of the type proposed are safer than conventional stations. There is no evidence to the contrary.

In my opinion the City of Carrollton may impose conditions upon the operation of self service gasoline stations which are reasonably calculated to insure the safety of the public. However, to prohibit all self service

gasoline stations is clearly arbitrary and unreasonable and violates the constitutional guarantees of due process and equal protection of the laws. *Hughes v. Reynolds,* 223 Ga. 727 (157 SE2d 746); *Heard v. Bolton,* 107 Ga. App. 863 (131 SE2d 835).

I am authorized to state that Mr. Justice Nichols concurs in this dissent.