## 50653. LEWYN v. MORRIS.

CLARK, Judge.

In this automobile collision case, plaintiff appeals from a judgment rendered upon a verdict in favor of defendant. She asserts the trial court erred in nine respects. We deal with these alleged errors seriatim.

1. In his opening argument, plaintiff's counsel attempted to demonstrate to the jury what he anticipated the evidence would disclose with regard to the position of plaintiff's and defendant's automobiles at the time of the collision. Defendant's counsel entered the following objection: "Now, if it please the court, I didn't make any objection to the diagram itself, but I would object to counsel going into where Mrs. Lewyn was and where any parties were prior to any evidence being brought in this case. I don't think it is proper for him drawing this diagram on the blackboard showing the location of the cars until there is evidence to that effect." This objection was sustained by the trial court and plaintiff assigns error upon this ruling.

We think the trial court overstepped its bounds in

restricting counsel's use of the blackboard during his opening statement. See Code Ann. § 81-1016 (Ga. L. 1960, p. 1037) which provides for the use of blackboard, models or similar devices in civil cases for the purpose of illustrating counsel's contentions during argument to the jury. Counsel was not offering evidence; he was merely attempting to demonstrate to the jury what he expected the evidence would show. Counsel was entitled to do this. "Counsel for both parties in either a civil or a criminal case, preliminary to the introduction of evidence, may state to the jury what each expects to prove on the trial. . ." *Waits v. Hardy,* 214 Ga. 41, 43 (102 SE2d 590); *Seaboard C. L. R. Co. v. Zeigler,* 120 Ga. App. 276, 278 (170 SE2d 60); Ga. Prac. and Proc., § 14-1 (4th Ed.).

Nevertheless, we do not think the trial court's intrusion into counsel's opening remarks requires a reversal in this case. It is axiomatic that injury as well as error must be shown in order for a new trial to be obtained; and that the burden is on the appellant to demonstrate such injury. Code Ann. § 81A-161; *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19); *Robinson v. McClain,* 123 Ga. App. 664, 665 (2) (182 SE2d 157). Plaintiff has not shown that she was harmed by the trial court's action. And we are unable to see how she was prejudiced thereby in view of the fact that she was subsequently permitted to demonstrate graphically the position of the vehicles during presentation of evidence. Accordingly, plaintiff's first enumeration of error is without merit.

2. Via her fifth enumeration of error, plaintiff contends the trial court erred in refusing upon request to charge the jury as follows: "I charge you that the driver of a vehicle must so operate that vehicle as to have its speed at all times under control; and whenever it is necessary for the preservation of life or property that the vehicle be brought to a stop, the exercise of reasonable care requires that the vehicle be stopped immediately." The requested charge was incomplete in selecting a single sentence from the eighth headnote of *O'Dowd v. Newnham,* 13 Ga. App. 220, 221 (80 SE 36). Limited thusly it did not fully set forth the applicable legal principle. Accordingly, the trial court did not err in refusing plaintiff's request. "A request to charge should in itself be correct, and even perfect;

otherwise the refusal to give it will not be cause for a new trial. [Cit.]" *Macon, Dublin &c. R. Co. v. Joyner,* 129 Ga. 683, 688 (59 SE 902). See *Slaughter v. Linder,* 122 Ga. App. 144 (2b) (176 SE2d 450).

3. "[E]rrors in the giving of a charge, failure to charge, denial of requests to charge, or in the admission or exclusion of evidence, which go only to the matters of damages or the measure of damages, are harmless and afford no ground for reversal where a verdict was returned in favor of the defendant. [Cits.]" *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19) (Fn. 2). Enumerations 2, 3, 6, 7, 8 and 9 are, therefore, without merit.

4. The evidence supports the verdict. Thus, the remaining enumeration of error is not meritorious.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED MAY 8, 1975 — DECIDED JULY 1, 1975.

*Hendon, Egerton, Harrison & Glean, Michael Anthony Glean,* for appellant.

*Flournoy & Still, Richard H. Still, Frank W. Virgin,* for appellee.