31499, 31503. STOP-N-GO MARKETS OF GEORGIA, INC. v. CITY OF CLARKSTON et al.; and vice versa.

GUNTER, Justice.

This appeal and cross appeal by the city amount, in large degree, to a revisitation of *J & L Oil Co. v. City of Carrollton,* 230 Ga. 817 (199 SE2d 190) (1973). Appellant, after being denied a license for the installation and operation of self-service motor fuel dispensing pumps by the city, filed an action that sought to require the city to issue such a license and further sought to enjoin the city from interfering with the installation and operation of such pumps within the city by the appellant. The trial judge rendered a judgment in favor of the city; he held that the city could not be required to issue the license; he refused the injunctive relief sought by appellant; and the appellant has come here for review.

The appellant has enumerated seven errors, but they all boil down to whether a state statute is constitutional and, if constitutional, whether it has been constitutionally applied by the city in this case.

Code Ann. § 23-2714 provides that it shall be unlawful for any person to operate a self-service motor fuel dispensing pump unless he "shall have obtained a valid license from the governing authority of the political jurisdiction affected."

Code Ann. § 23-2713 provides in pertinent part that if the governing authority determines that the operation of self-service motor fuel dispensing pumps will not be injurious to the health or welfare of the residents of the political jurisdiction affected, it shall grant an operating license to any qualified applicant.

These two statutory provisions enacted by the Georgia General Assembly in 1971 are not uncon-

stitutional. Their enactment was a proper exercise of the state's police power, and their delegation on a local-option basis of police power to the local governing authorities was a proper, and not unconstitutional, delegation. See *J & L Oil Co. v. City of Carrollton,* supra, and Munford, Inc. v. Georgia Oilmen's Association, Civil Action No. 2655, United States District Court, Middle District of Georgia.

These statutory provisions do not prohibit the dispensing of fuel for vehicles; they merely regulate the method for dispensing it; and they delegate to local governing authorities the power to regulate the dispensing of fuel for vehicles within their respective territorial jurisdictions.

This record clearly shows that the city has declined to issue any such licenses within its territorial jurisdiction. We think it has statutory authority, based upon a delegation of police power, to refuse to do so.

Further, these statutory provisions, which we deem to be constitutional, have not been unconstitutionally applied by the city in the instant case.

Having ruled as we have in the main appeal, it is unnecessary to reach the issues raised by the cross appeal.

*Judgment affirmed in 31499. Cross appeal in 31503 dismissed. All the Justices concur, except Nichols, C. J., Undercofler, P. J., and Ingram, J., who dissent.*

ARGUED SEPTEMBER 21, 1976 — DECIDED JANUARY 5, 1977 —
REHEARING DENIED FEBRUARY 8, 1977, IN CASE NO. 31499.

*Dillard & Shearer, George P. Dillard, G. Douglas Dillard,* for appellant.

*Swertfeger, Scott & Turnage, L. Jack Swertfeger, Jr., W. Steed Scott, Donald F. Crane, Jr., Arthur K. Bolton, Attorney General,* for appellees.