## 55962. WALLS et al. v. PARKER et al.

BELL, Chief Judge.

This joint suit arises from a rear-end automobile collision. Plaintiffs are husband and wife; the wife-driver claimed damages for pain and suffering whereas the husband claimed property damage to his car, his wife's medical expenses, and damages for loss of consortium. The defendants are the father, owner of a family purpose car, and minor son, who was the driver. The evidence adduced at trial showed without dispute that plaintiff-driver approached an intersection, signaled her intent to turn right, and gradually came to a stop in the right turn lane at a yield sign, as there was approaching traffic on the intersecting highway. Defendant-driver was following plaintiffs' car and stopped behind the vehicle. While defendant-driver was looking to his left at the approaching traffic, he took his foot off the brake and allowed the car to roll forward. Defendant driver testified that he believed plaintiffs' vehicle had entered the highway because he thought he heard an engine "rev up," but he did not look forward to see if it had moved. Consequently, defendants' car drove into the rear of plaintiffs' vehicle, which in fact had not moved. Defendants' cross examination of plaintiffs' witnesses revealed that plaintiff-driver had suffered a previous accident and had undergone an operation and chiropractic treatment prior to the incident in question, in addition to performing strenuous employment duties subsequently to this incident. The case was tried before a jury which returned a verdict for defendants. Plaintiffs appeal from the denial of their motion for a new trial. *Held:*

1. We recognize that generally, the issue of liability in rear-end collision cases is for jury determination. *Atlanta Coca Cola Bottling Co. v. Jones,* 236 Ga. 448 (224 SE2d 25). However, this case is one of those rare instances

where there is no dispute as to the pertinent facts. Although there is some conflict as to the degree of impact, defendant-driver admitted that he was not looking ahead when he let his foot off the brake and rolled into plaintiffs' vehicle. This testimony amounted to a confession of liability. This failure to keep a proper lookout and taking his foot off the brake was clearly, plainly and undisputedly negligence as a matter of law.

2. The inquiry does not end with the determination of defendants' negligence, however. Defendants are liable only if their negligence was the proximate cause of plaintiffs' injuries and damages. *Rhodes v. Levitz Furniture Co.*, 136 Ga. App. 514 (221 SE2d 687). The jury was authorized to find by the evidence that alleged pain and suffering complained of by plaintiff-wife was not due to the collision in this case but due to a prior accident, a surgical operation and treatment and was not aggravated by this incident. Therefore we affirm that part of the judgment that relates to her claim.

3a. The judgment for defendants as to the plaintiff-husband's claim for loss of consortium must be affirmed as the above evidence also authorized a finding that defendants' negligence was not the proximate cause of this loss.

b. The court instructed the jury that it was not authorized to consider the matter of medical expenses as an item of damages as this was a "No Fault" case. See Code Ann. §§ 56-3403b (b) (1) and 56-3410b which preclude recovery of medical expenses in a case in which the "No Fault" statute applies. We must therefore affirm that part of the verdict and judgment which relates to plaintiff-husband's claim for medical expenses.

c. The evidence as to property damage to the husband's car is not in controversy and a verdict and judgment for this loss in some amount was demanded. Therefore, the evidence does not support the verdict and judgment as to plaintiff-husband's claim for property damage to his vehicle. Accordingly, we reverse that part of the judgment on this issue.

4. Plaintiffs' assertion in their motion for a new trial that there was improper communication between the defendant and a juror has no merit and requires no further

consideration.

*Judgment affirmed in part and reversed in part. Shulman and Birdsong, JJ., concur.*

SUBMITTED MAY 22, 1978 — DECIDED JULY 10, 1978 — REHEARING DENIED JULY 28, 1978 —

*Frank M. Eldridge, George Hooks,* for appellants.
*John F. Davis, Jr.,* for appellees.