60389. CANNON et al. v. RITHMIRE.

BIRDSONG, Judge.

The plaintiffs Cannon sued Rithmire for damages arising from an automobile collision. The evidence showed that Mr. Cannon, his wife and two grandchildren were traveling south on a four-lane highway, in the inside left lane next to the median. The speed limit was 45 m. p. h.; the Cannon vehicle was traveling approximately 33 m. p. h. Mr. Rithmire, driving a truck, approached the highway at an intersection to Mr. Cannon's right. He stopped at the stop sign but then pulled out across the highway intending to cross the median and turn left, or north. According to Rithmire, the Cannon vehicle was 100 to 125 feet from the intersection when Rithmire pulled out, but

according to the occupants of Cannon's car, their vehicle was much closer when Rithmire first stopped at the stop sign. There were bushes and trees at his right, according to Rithmire, which interfered with his vision of northbound traffic. When he reached the median, Rithmire testified he was unable to turn left because another car passed by in the northbound lanes; and the tail end of his truck protruded from the median area into the inside southbound lane. Cannon testified he saw Rithmire stop at the stop sign, but then Rithmire's vehicle just loomed up in front of him; he applied the brakes and swerved to the left in an attempt to avoid impact. His car skidded 49 feet before striking Rithmire's truck in the front left door and front left portions of the truck. The jury returned a verdict for the defendant Rithmire, and the Cannons appeal, enumerating three errors. *Held:*

1. The trial court charged the jury that "under the no-fault law of this state," the plaintiffs could not recover for medical expenses or housekeeping services. A similar charge was approved in *Walls v. Parker,* 146 Ga. App. 882, 883 (247 SE2d 556). We do not find that the implication that the plaintiffs had no fault insurance amounted to an improper implication that the plaintiffs also had liability insurance, as they contend on appeal, nor that such remote speculation on the part of the jury could have resulted in harm to the plaintiff, since the jury did not award the defendant any damages. The charge, even if it had been error, therefore, does not require reversal. *Thigpen v. Batts,* 199 Ga. 161 (33 SE2d 424).

2. Appellants allege that the trial court erred in denying a new trial motion which was made on the general grounds that the verdict was against the weight of the evidence and contrary to law and equity. It is also contended that it was error to refuse admission of Mr. Cannon's testimony that in traffic court he had heard Rithmire explain the collision to the traffic judge by saying "I thought I could beat him."

The court below refused to admit this statement because the traffic court proceeding where it was allegedly made did not produce a guilty plea by Rithmire. Rithmire argues on appeal that the statement was inadmissible because Rithmire denied having made it and because the alleged statement was not made in connection with a guilty plea. We hold it was error to reject this statement out of evidence. The statement was competent evidence as an admission against interest. Such statements are admissible whether made in or out of court (*Edwards v. Bullard,* 131 Ga. App. 34, 38 (205 SE2d 115); *Roper v. Scott,* 77 Ga. App. 120 (2) (48 SE2d 118); *Henderson v. Henderson,* 94 Ga. App. 64, 72 (93 SE2d 822)). While the alleged statement apparently was not sufficient to render the defendant

guilty beyond a reasonable doubt in the traffic court, it might still have contributed significantly to the preponderance of the evidence in a civil case, and so should not have been excluded merely because the defendant was not found or did not plead guilty when it was made. The plaintiff in this case was not trying to admit the statement as a plea of guilty. It was offered only as an admission against interest, and as such was original evidence. *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507, 509 (167 SE2d 729); *Akin v. Randolph Motors,* 95 Ga. App. 841 (5) (99 SE2d 358). Although the defendant denies that he made it, whether he did is a question of fact for the jury, *Haas & Howell v. Godby,* 33 Ga. App. 218, 223 (125 SE 897), it is not for the trial court to determine the credibility of the evidence or its weight, but only its competence. *Mulkey v. State,* 155 Ga. App. 304 (270 SE2d 816).

What weight and effect the jury would have given the statement is imponderable to us. The meaning of a statement and whether and to what extent it constitutes an admission or inculpatory statement are purely jury questions. *Johnson v. State,* 130 Ga. App. 134, 138 (202 SE2d 525). The statement "I thought I could beat him" might add nothing to the weight of evidence, since it might be seen as evidence that the Cannon vehicle did not present an "immediate hazard" (Code Ann. § 68A-403 (b)); but the statement might affect the weight of the evidence if it is seen to indicate that the Cannon vehicle was near enough to the intersection to present dilemma or debate to Rithmire as he determined, perhaps unreasonably, whether to enter the intersection. The evidence in the case, without the excluded statement, is highly equivocal and although it does authorize the verdict, it evinces also the plaintiffs' inability to prove the defendant's negligence by a preponderance of the evidence. We cannot say that if the statement had been admitted as it should have, all the evidence in the case would have demanded a verdict in favor of the defendant, nor that the statement would not have affected the weight of the evidence. We therefore cannot say the exclusion of the evidence was harmless. See *Thigpen,* supra; *Mulkey,* supra.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED NOVEMBER 7, 1980.

*Jimmy W. Jones,* for appellants.
*James C. Gaulden, Jr., Thomas Henry Nickerson,* for appellee.