71283, 71291. JOHNSON v. BRYANT et al. (two cases).
(343 SE2d 397)

McMURRAY, Presiding Judge.

Plaintiff Jack Lonas Johnson brought a negligence action (Case No. 71283) against defendants Carol Ekiert Bryant and Perry M. Bryant. It was alleged that on or about February 21, 1979, defendant Carol Ekiert Bryant negligently drove a Ford Thunderbird automobile into the rear of a pickup truck being driven by plaintiff; that the Ford Thunderbird was a family purpose vehicle which was jointly owned by defendant Carol Ekiert Bryant and her husband, defendant Perry M. Bryant; that as a result of the collision, plaintiff suffered serious injuries to his neck and back; and that, as a result of the collision, plaintiff incurred medical expenses, a loss of his wages, and damages to his truck. Defendants answered the complaint and denied liability. Thereafter, plaintiff's wife, Barbara Jean Johnson, brought a separate lawsuit (Case No. 71291) against defendants seeking damages for loss of consortium. Liability was denied by defendants in the loss of consortium action. The cases were consolidated and tried by a jury. In Case No. 71283, a verdict was rendered in favor of plaintiff Jack Lonas Johnson for the amount of $5,500. In the loss of consortium case (Case No. 71291), the jury returned a verdict in favor of defendants. The plaintiffs appealed following the denial of their respective motions for new trial. *Held*:

1. In their first and last enumerations of errors, plaintiffs contend the trial court erred by refusing to grant their respective motions for new trial. In this regard, plaintiffs argue the $5,500 verdict in favor of plaintiff husband was grossly inadequate since he sustained special damages of $16,469.69. We disagree. The evidence showed that several years before the automobile collision at issue, plaintiff husband was involved in another automobile accident; that he sustained injuries to his back and neck in the previous accident; that he brought a lawsuit against the tortfeasor in the previous accident; and that he settled the prior lawsuit after he was injured in the automobile colli-

sion which gave rise to the cases sub judice. Thus, although there was evidence that plaintiff husband's damages stemmed from the collision involving defendants, there was also evidence from which the jury could conclude that plaintiff husband's damages were the result of a pre-existing medical condition caused by the previous accident. And since defendants are only liable for the proximate consequences of their wrongful act, we find the verdict to have been within the range of the evidence. See generally *Foist v. Atlanta Big Boy Mgt.*, 166 Ga. App. 304, 306 (304 SE2d 111); *Garner v. Driver*, 155 Ga. App. 322, 325 (270 SE2d 863). The trial court did not abuse its discretion in overruling plaintiffs' motions for new trial on the general grounds. *Williams v. Hines*, 26 Ga. App. 381 (107 SE 265).

2. In the second and third enumerations of errors, plaintiffs assert the trial court erred in permitting documents which were filed in a previous lawsuit to be introduced in evidence. This previous lawsuit was one in which plaintiff husband here had brought a suit for damages against a Ms. Lawson involving a 1975 rear-end collision. We agree.

During cross-examination of plaintiff husband defense counsel questioned him about the complaint, interrogatories and answers and notice of dismissal filed in the previous lawsuit. In particular, defense counsel focused on the allegations set forth in the complaint and plaintiff husband's answers to interrogatories. With the possible exception of the answer to one interrogatory, plaintiff husband admitted the matters which defense counsel sought to prove during his testimony. Nevertheless, these documents were admitted in evidence over plaintiffs' objections. They were perused by the jury during its deliberations. This constituted error. *Goins v. Glisson*, 163 Ga. App. 290, 292 (2) (292 SE2d 917). In *Goins*, we held that it was error for the trial court to admit into evidence certain pleadings, interrogatories and answers from another civil case in which the appellant was the plaintiff ten years previously. Reversing the trial court's judgment, we stated: "While some of the material contained therein may have been relevant at trial for purposes of impeachment, it was not at all necessary or fair to impress it upon the jury in the jury room along with substantial and largely irrelevant portions of these documents from another case. The appellant admitted from the stand the matters which the appellee sought to show in impeachment; [and] this was sufficient. Sending these pleadings from another case to the jury served no necessary purpose but only served to unduly emphasize the fact that appellant had sued another as well as other matters irrelevant to the issues in this case. *Thomason v. Genuine Parts Co.*, 156 Ga. App. 599 (275 SE2d 159); and see *Stidem v. State*, 246 Ga. 637, 639 (272 SE2d 338); *Johnson v. State*, 244 Ga. 295, 297 (260 SE2d 23); *Royals v. State*, 208 Ga. 78, 81-82 (65 SE2d 158); *Shedden v.*

*Stiles*, 121 Ga. 637 (4) (49 SE 719); and *Laster v. State*, 162 Ga. App. 294 [291 SE2d 122] (1982). In *Shedden*, supra, it was held that generally interrogatories in the self-same case should not be submitted to the jury, as having 'unfair advantage over oral testimony of the other side, by speaking to the jury more than once.' By this we judge that the pleadings in another case have even less justification in being before the jury, particularly where the party has confessed whatever matter these pleadings are brought up to show." *Goins v. Glisson*, 163 Ga. App. 290, 292 (2), supra.

Defendants contend the error was harmless since the jury returned a verdict in favor of plaintiff husband. We cannot accept this contention. The prejudicial material contained in the documents *went not to the issue of liability but, rather, to the question of damages.* Since plaintiff husband contended at trial that he was entitled to receive more damages than he recovered, the error cannot be called harmless. *White v. Taylor*, 157 Ga. App. 328 (277 SE2d 321). Accordingly, we reverse as to damages only. (We note that this error may also have contributed to the inconsistent verdict upon the loss of consortium claim. We need not elaborate upon this point, however, in view of our ruling in Division 7.)

3. In the fourth and fifth enumerations of errors, plaintiffs assert the trial court erred by permitting defendants to cross-examine plaintiff husband concerning the availability to him of group medical insurance coverage. Defendants were permitted to cross-examine plaintiff husband in this regard to test his averment that he did not return to see a certain physician (as the physician recommended) because he was unable to pay for the physician's services. In allowing this line of questioning, the trial court properly sought to limit the cross-examination to the relevant time period following plaintiff husband's last visit to the physician. We find no error here, *Bennett v. Southern R. Co.*, 117 Ga. App. 414 (2) (160 SE2d 677), even though evidence of collateral insurance coverage is not admissible ordinarily. See *Patillo v. Thompson*, 106 Ga. App. 808, 809 (1) (128 SE2d 656). If evidence is competent for any purpose, its admission is not erroneous. *Weathers v. Cowan*, 176 Ga. App. 19 (1) (335 SE2d 392).

4. The trial court did not err in refusing to direct a verdict in favor of plaintiffs on the issue of liability. The jury could have found from the evidence that defendant Carol Ekiert Bryant was not negligent and that the collision was the result of a legal accident. See generally *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25); *Nail v. Green*, 147 Ga. App. 660 (249 SE2d 666). The sixth enumeration of error is not meritorious.

5. The seventh enumeration of error pertains to the following charge: "[T]he testimony of a party who testifies in his or her own behalf is to be construed most strongly against that party if it is con-

tradictory, vague or equivocal and the party is not entitled to a finding in his or her favor if that version of his or her testimony the most unfavorable to him or her shows that the verdict should be against him or her." Although the jury could have found plaintiff husband's testimony to be vague or equivocal, other witnesses presented evidence on the issues of liability and causation. Thus, the trial court erred in giving the above-quoted charge. *Maurer v. Chyatte*, 173 Ga. App. 343 (3) (326 SE2d 543); *Weathers v. Cowan*, 176 Ga. App. 19, 20 (2), supra.

6. The trial court charged the jury: "[I]f you should find from the evidence that a party failed to call a witness or explain a witness' absence and that the witness might have knowledge of facts and issues in the case, then you may presume that if the witness had been called and had testified, the witness' testimony would have been adverse to the position of that party." This instruction was erroneous. A review of the record fails to disclose any evidence tending to show that plaintiffs failed to produce a witness under their power and control. *Central of Ga. R. Co. v. Bernstein*, 113 Ga. 175, 179 (5) (38 SE 394); *Cocroft v. Cocroft*, 158 Ga. 714, 721 (5) (124 SE 346).

7. In their final enumeration of error, plaintiffs assert the verdict for defendants upon plaintiff wife's loss of consortium claim was inconsistent with the verdict against defendants in the plaintiff husband's action. We agree. "[W]here the injured person and the spouse combine their separate claims in one suit . . . it has been held that the loss of consortium claim is a 'derivative' claim and where one jury has heard the same evidence on the same issue it cannot render inconsistent verdicts. . . ." *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270). Plaintiff wife's claim dovetailed the claim of her husband. Under these circumstances, the verdict in favor of defendants is inconsistent with the verdict compensating plaintiff husband for his injuries. *Nelson & Budd, Inc. v. Brunson*, 173 Ga. App. 856 (328 SE2d 746). Accordingly, plaintiff wife is also entitled to a new trial on the issue of damages only as defendants' liability has been established by the verdict in favor of her husband in Case No. 71283. *Burnett v. Doster*, 144 Ga. App. 443, 444 (2) (241 SE2d 319).

Relying upon *Ray v. Stinson*, 254 Ga. 375 (329 SE2d 502), defendants assert that plaintiff wife waived any objection she may have had concerning the inconsistency of the verdicts because no objections were made to the *form* of the verdicts at the time they were published. We disagree. In *Ray v. Stinson*, supra, a "special jury verdict" form was employed and the trial court charged the jury concerning the form. Plaintiff in that case failed to object to the trial court's charge concerning the form of the verdict and he responded that the verdict was in proper order when asked by the trial court. In the cases sub judice, on the other hand, a special verdict form was not used. To

the contrary, the jury simply entered a separate verdict in each case. The loss of consortium verdict in favor of defendants was not defective as to form. Rather it was simply inconsistent with the verdict rendered in the plaintiff husband's case.

*Judgment affirmed in part and reversed in part in Case No. 71283; judgment reversed in Case No. 71291. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 4, 1986 —
REHEARING DENIED MARCH 19, 1986 — 

*Thomas B. Branch III, Caroline C. Kresky, Maurice J. Bernard III*, for appellant.
*J. Blair Craig II*, for appellees.