72796. CHARTER MEDICAL-FAYETTE COUNTY, INC.
v. HEALTH PLANNING AGENCY, INC.
(351 SE2d 547)

Benham, Judge.

This is a discretionary appeal from a superior court judgment affirming the denial by appellee Health Planning Agency of appellant's application for a certificate of need which would authorize the building of a hospital by appellant in Fayette County.

1. Appellant's first enumeration of error involves the exclusion by the Health Planning Review Board (the administrative agency which affirmed the Health Planning Agency's denial of the certificate of need) of evidence intended to relate past decisions by the Review Board and the Health Planning Agency to the present case. "[E]vidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case . . ." *Kelly v. Floor Bazaar*, 153 Ga. App. 163, 165 (264 SE2d 697) (1980). The evidence offered by appellant did not tend to prove or to disprove any *fact* at issue in this case. Appellant was attempting to offer expert analysis of previous decisions of the Review Board and the Health Planning agency in support of an argument that the result would be the same in this case. A review of the record shows that the locales involved in the previous cases were quite different in geography and development from the locale involved in this case, supporting the Review Board's conclusion that the proffered evidence was not relevant. We find no error in the exclusion of the expert testimony offered by appellant.

2. Appellant's second enumeration of error asserts that the Review Board failed to follow its own precedent and failed to explain its departure from precedent. The record does not support that assertion. On the contrary, the decision of the Review Board recognizes the necessity of following administrative precedent, then distinguishes the precedent relied upon by appellant on the grounds that the law has changed since the previous decision, that the earlier decision was based on different methodologies for defining service areas and need, and that a particular consideration in this case, impact on existing hospitals, was less of a concern in the previous case. Our review of the record convinces us that the Review Board did give appropriate consideration to precedent and a sufficient explanation for not following it.

3. Appellant contends in its third enumeration of error that the Review Board's use of different criteria from those used in previous decisions denied it equal protection of the laws. Appellant argues, and we cannot disagree, that persons in the same or similar circumstances must be given equal treatment. *Hughes v. Reynolds*, 223 Ga. 727, 730 (157 SE2d 746) (1967). What we cannot agree with, however, is appellant's assertion that it has been treated differently from others in the same or similar circumstances. The basis for this argument, once again, is that the Review Board granted a certificate of need to another applicant in another place at another time. Though there are similarities between the areas involved with regard to population size and growth, there are dissimilarities recognized by the Review Board in its decision which render appellant's equal protection argument meritless: appellant is simply not in the same or similar circumstances as the previous applicant.

4. Appellant contended in the superior court and contends in this court that it has been denied due process because the Rule for determining hospital bed need (Rule 272-2-.09 (8) (a) of the Rules and Regulations of the State Health Planning Agency) is unconstitutionally vague. We disagree.

"As a matter of due process, a law is void on its face if it is so vague that persons of 'common intelligence must necessarily guess at its meaning and differ as to its application.' [Cits.]" *Gouge v. City of Snellville*, 249 Ga. 91 (3) (287 SE2d 539) (1982). We do not find the Rule which appellant attacks to be subject to the flaws mentioned in *Gouge*. The purpose of the particular subsection appellant attacks is to provide factors to be considered in determining hospital bed need, and those factors are listed. It is apparent from appellant's argument that its real objection to the Rule is that it does not provide a precise mathematical formula for determining hospital bed need. We do not believe that it is a fatal flaw. A statute or regulation "will withstand an attack of vagueness or indefiniteness if it provides fair notice to those to whom the statute [or regulation] is directed and enables one to determine from [its] . . . provisions . . . what the . . . intent was in enacting [it] . . . [Cit.]" *Bryan v. Ga. Public Svc. Comm.*, 238 Ga. 572, 574 (234 SE2d 784) (1977). The provision under attack here meets those criteria: it gives notice that the factors listed will be considered in the process of determining hospital bed need, and the intent, to provide factors to be considered in such a determination, is abundantly clear. We reject, therefore, appellant's argument that Rule 272-2-.09 (8) (a) is unconstitutionally vague.

5. Finally, appellant urges that its application for a certificate of need should be deemed to have been granted because of the Health Planning Agency's failure to properly issue its decision within the time required by statute. See OCGA § 31-6-43. Unfortunately for ap-

pellant, that argument, which was not addressed by the superior court, is foreclosed by the principle enunciated in OCGA § 9-12-40: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

The record here shows that appellant, during the pendency of the administrative procedure, brought an action against the Health Planning Agency, seeking a writ of mandamus and a declaratory judgment. The object of that action was to establish appellant's contention that its application should be deemed granted. That action terminated in a judgment concluding that the remedies sought were not available because appellant had not exhausted its administrative remedies and because, on the merits, appellant's analysis of OCGA § 31-6-43 was incorrect. Contrary to appellant's argument here, the latter holding was not obiter dictum, but an alternate reason for denying the relief sought. Also contrary to appellant's argument here, the holding that appellant had not exhausted its administrative remedies was not a holding that the superior court lacked jurisdiction: the holding was that appellant was not entitled to relief. Since the trial court addressed the merits of appellant's position, the provision in OCGA § 9-12-42, that a judgment not on the merits is not a bar to a subsequent action, has no application. The previous action, brought by appellant against the same party, involved the same issue and concluded with a judgment on the merits, a judgment which, so far as the record here shows, is still valid. Therefore, appellant is foreclosed by the doctrine of estoppel by judgment from relitigating this issue. See generally *Usher v. Johnson,* 157 Ga. App. 420 (278 SE2d 70) (1981).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 5, 1986.

*Glen A. Reed, Richard L. Shackelford, Todd W. Ponder,* for appellant.

*Stanley S. Jones, Jr., A. Mitchell Powell, Jr., Teresa B. Finer, Michael J. Bowers, Attorney General, Jeffrey C. Baxter, Assistant Attorney General,* for appellee.