75271. COLLINS v. DAVIS.
(366 SE2d 769)

BIRDSONG, Chief Judge.

This is an appeal from a defendant's verdict in a rear-end collision personal injury suit. The evidence was disputed as to whether the lead car (in which the plaintiff Amos Collins was a passenger) was at fault for stopping suddenly, whether other cars stopping in front of the lead car caused that car to stop, whether the brake lights of the lead car failed to operate or simply were not seen by defendant Davis in the car behind; and whether Davis might have been following too closely. *Held:*

1. In seven enumerations, plaintiff-appellant cites errors involving the repeated admission, over motion in limine and objection and

motion for mistrial throughout trial, of evidence of appellant's own no-fault insurance. The defendant-appellee contended below that the fact appellant had never made a claim under his own no-fault insurance was relevant to appellant's claim for lost wages. Appellant in response contended he did not make a claim because he did not know he could and that in fact he has made a lost wages "claim" by suing his insurer.

On appeal, appellant cites *Goins v. Glisson*, 163 Ga. App. 290, 292 (292 SE2d 917) and *Moore v. Price*, 158 Ga. App. 566 (281 SE2d 269), in that generally liability or no-fault insurance coverage of a litigant is not admissible in evidence and unnecessary disclosure of such facts is ground for a mistrial or reversal. The appellee distinguishes those cases on the basis that the injection of insurance evidence in those cases was irrelevant and prejudicial to those complainants' "non-economic" claims for pain and suffering, whereas here the claim is for economic loss (lost wages), as to which his failure to make a claim for such economic loss is relevant.

We reject the appellee's contention that the subsequent admission of related evidence by the appellant rendered appellee's injection of it harmless, under *P.H.L. Dev. Corp. v. Sammy Garrison Constr.*, 171 Ga. App. 393 (319 SE2d 543) and *Bynum v. Standard (Chevron) Oil Co.*, 157 Ga. App. 819 (278 SE2d 669). These cases are inapposite, standing for the proposition that subsequent admission of criticized evidence *without objection* renders any error harmless. The appellant objected strenuously to this evidence in limine and whenever the appellee injected it. Appellant's later mention of it was an attempt to mitigate the harm; we decline to hold that by attempting to diminish its effect he waived any objection to it or rendered its error harmless.

The trial court erred in admitting this evidence. We have repeatedly adhered to the rule that evidence of insurance coverage is so prejudicial by nature that it should not be admitted unless it is clearly relevant and, as with any generally prejudicial evidence, in determining its admissibility, the trial court should not admit it unless its relevance outweighs its prejudice. The prejudice lies in the infectious nature of collateral source evidence, contaminating as it does the issue of loss with the issues of injury and liability. See *Ideal Pool Corp. v. Champion*, 157 Ga. App. 380, 383 (277 SE2d 753). Such evidence is *prejudicial* because by its nature its effect is not self-limiting, but it laps over into other considerations. It hardly matters whose insurance coverage is presented to the jury, plaintiff's or defendant's, or whether it is no-fault or liability. See *Moore*, supra, p. 568. In *Goins*, supra and *Moore*, the no-fault insurance evidence was not rejected merely on the basis that those plaintiffs were or were not seeking "non-economic" loss, i.e., pain and suffering, but it was rejected because of its inherent prejudice; that the appellant here was seeking

to recover for economic loss (lost wages) does not, as appellee contends, make evidence of appellant's failure to file a claim under his own insurance more relevant, but only more poisonous.

It is true that evidence is relevant which logically tends to prove or disprove any material fact at issue, but the evidence that appellant did not make an insurance claim does not logically tend to prove any *fact* except that he did not make a claim. See *Charter Medical-Fayette County v. Health Planning Agency*, 181 Ga. App. 184 (351 SE2d 547). It does not logically prove he had no lost wages, any more than filing a claim would prove he did have lost wages. Failure to file an insurance claim is not an admission that the party has no loss. There might be any number of reasons he did not make a claim; to conclude or assume he made no claim only because he had no lost wages is only a conclusion or assumption, and one supported by no other indication. It is speculation only, not governed by logic but by suspicion. But even assuming by double inference the evidence had some slight relevance to the question of loss, its prejudice far outweighs such slight relevance.

The appellee cites three cases to prove this evidence was relevant and admissible and argues we have thereby relaxed the rule against admissibility. These are *U-Haul Co. of Western Ga. v. Ford*, 171 Ga. App. 744 (320 SE2d 868); *Ideal Pool Corp.*, supra; and *Bennett v. Southern R. Co.*, 117 Ga. App. 414 (160 SE2d 677). However, we resist any inference that a ruling in a particular case indicates a loosening of this general rule. In *U-Haul* there was no direct evidence of insurance and the evidence was held relevant. Both *Ideal Pool Corp.* and *Bennett* stand for the general rule against admissibility; what made the evidence admissible in those cases was its direct relevance to prove a prior inconsistent statement directly impeaching the party's present claim of liability. In *Ideal Pool Corp.*, direct mention of the fact of the insurance claim was excised, admitting only the inconsistent statement to "someone." In this case, appellant's failure to make a lost wages claim is not an admission that he had none and does not constitute an inconsistent statement or action.

The appellee contends the verdict for defendant rendered any error harmless, since the evidence of insurance went only to the issue of damages, citing *Johnson v. Bryant*, 178 Ga. App. 327, 329 (343 SE2d 397); *Fritz v. Eller*, 153 Ga. App. 300 (265 SE2d 72); *Lewyn v. Morris*, 135 Ga. App. 289, 291 (217 SE2d 642). Those cases did not involve insurance evidence. *Fritz* and *Lewyn* involved mere errors, not prejudicial errors. *Johnson* involved prejudicial error which was held not harmless. The rule that errors going only to the question of damages may be rendered harmless by a verdict for defendant is grounded on the supposition that the jury, by deciding defendant was not liable for negligence, necessarily never reached a consideration of damages. *Pa-*

*tillo v. Thompson*, 106 Ga. App. 808, 814 (b) (128 SE2d 656). But the irrelevant injection of insurance evidence is not merely an error in a subject matter which the jury never reached. By implying there was no loss, or that the party had a source of insurance and therefore should not have sued (or should have been sued), it infects the question of liability. Since it is inherently *prejudicial*, we cannot assume the jury never considered the evidence because it first reached an independent finding of liability. In view of the highly disputed and uncertain nature of the evidence relating to negligence in this case, it is impossible to say that the errors in admitting this insurance evidence did not affect the verdict (*Goins*, supra, p. 292), since the jury, having learned the appellant had his own insurance and failed to take advantage of it, ultimately found the appellee not liable. See *Thigpen v. Batts*, 199 Ga. 161 (33 SE2d 424).

The jury charge advising the jury "not to consider insurance" did not cure the prejudice in this case but only served to emphasize what should not have been injected in the first place, and was therefore error. See *Goins*, supra, p. 291. The trial court cannot repeatedly admit prejudicial evidence for the jury's consideration and then attempt to neutralize the error or excuse the evidence by advising the jury not to consider it. In *Moore*, supra, we held it error to charge that the plaintiff would not be entitled to recover from his own no-fault insurer, because the only reason to give such a charge would be to get the fact of insurance before the jury. Similarly, we would indirectly sanction the admission of insurance evidence if in this or any case we say that giving a charge "not to consider insurance" is not only permissible but moreover excuses the repeated admission of prejudicial and irrelevant insurance evidence. If the evidence of failure to make a claim had been relevant, a charge mitigating the prejudice would be helpful, but not where the evidence should not have been admitted at all. In *Cannon v. Rithmire*, 156 Ga. App. 360 (1) (274 SE2d 746), we held a charge that "under the no-fault law" the plaintiff could not recover medical expenses, did not, contrary to appellant-plaintiffs, imply the plaintiffs had liability insurance; however, *Cannon* (and see *Walls v. Parker*, 146 Ga. App. 882 (247 SE2d 556)) was decided before our decisions in *Moore* and *Goins*, in which we held such a charge to be error. We conclude from this that the general rule against admitting evidence of insurance or unnecessarily referring to it in a charge has not relaxed but has strengthened. The judgment below is reversed because of these errors, because in view of the disputed evidence, the verdict against the prejudiced party makes it impossible to say the jury was unaffected.

2. Likewise, the trial court erred in allowing defendant-appellee to deliberately continue a line of questioning of plaintiff's employer so as to reveal insurance benefits through his employment relating to

this accident. This insurance evidence was not relevant; it was prejudicial, and therefore harmful in view of the verdict relieving the defendant of liability.

3. In enumerations 7 and 8, appellant argues the trial court erred in refusing to allow him to testify in rebuttal as to his treatment by Dr. Antonio Fernandez. Fernandez, who was introduced by appellee to testify to plaintiff-appellant's lack of injury caused by this collision, testified he did not know how plaintiff was referred to him. In rebuttal, plaintiff wanted to show the defendant's insurer sent plaintiff to Fernandez, and paid him $300 for an examination lasting nine minutes, thus showing Fernandez was not a disinterested witness as he had implied. The trial court refused this rebuttal, apparently on grounds the injection of evidence that *the defendant* had insurance was prejudicial and irrelevant. We think this evidence is more relevant to prove an impeachment of the witness, than was evidence of plaintiff's failure to file a claim on his own insurance relevant to prove he had no lost wages, and certainly it was no more prejudicial. In any event, in view of the reversal in Divisions 1 and 2, we find it unnecessary to address this enumeration in full.

4. Appellant's remaining enumerations, 2 and 12, are abandoned for failure to argue and present citations of authority. See *Brown v. Phillips*, 178 Ga. App. 316 (342 SE2d 786).

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

### ON MOTION FOR REHEARING.

Appellee seeks a rehearing by strenuously urging that the record is full of evidence that the appellant had no lost wages, and therefore, that we erred in saying "that the assertion *that appellant had no lost wages* is '. . . one supported by no other indication' than the evidence showing that appellant made no claim for lost wages against his no-fault carrier." (Emphasis supplied.)

Aside from the fact that whether there was any evidence of lost wages is not the pertinent issue in this appeal, appellee's assertion quoted above is a misstatement and misunderstanding of the clear ruling. We said, referring to appellant's failure to make a claim on his own insurance for lost wages, that "to conclude or assume *he made no claim only because* he had no lost wages is only a conclusion or assumption, and one supported by no other indication." (Emphasis supplied.)

*Motion for rehearing denied. Pope, J., concurs. Deen, P. J., concurs in judgment only.*

Decided January 5, 1988 —
Rehearing denied March 4, 1988.

O. Wendell Horne III, for appellant.
Jerry A. Lumley, for appellee.